■ MICHELINE LERNER, Respondent, v. ALAN J. LERNER, Appellant.— Order, entered on May 20, 1964, granting to plaintiff the exclusive possession of the marital home and awarding custody of the infant son to the wife pending determination of the plaintiff's separation action, with specified visitation rights to the defendant, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent that the portion of the plaintiff's motion for an order granting to her the exclusive possession of the marital home is denied, and it is ordered that the possession of the marital home be restored to the defendant, such direction to be stayed until Special Term fixes the level of support to which the plaintiff is entitled for living and housing expenses, but in no event is the stay to continue for more than 30 days from the date hereof, and as so modified, is otherwise affirmed, without costs. Plaintiff commenced an action for separation on May 14, 1964 and on May 20, 1964 Special Term awarded to the plaintiff exclusive possession of the five-story town house residence located at 42 East 71st Street, New York City where the parties had previously resided as husband and wife. The defendant husband is the sole owner of the town house. The defendant contends on this appeal that, as sole owner of the house, his rights are violated by the order of exclusion and further that the court abused its authority by granting exclusive possession to the plaintiff without affording the defendant an opportunity to be heard. Section 234 of the Domestic Relations Law provides as follows: " In any action for divorce, for a separation, for an annulment or to declare the nullity of a void marriage, the court may (1) determine any question as to the title to property arising between the parties, and (2) make such direction, between the parties, concerning the possession of property, as in the court's discretion justice requires having regard to the circumstances of the case and of the respective parties." In the case of *Rosenstiel* v. *Rosenstiel* (20 A D 2d 71) this court determined that where a matrimonial action is pending between the husband and wife a proceeding under sections 234 and 236 of the Domestic Relations Law is the proper

method for determining the matter of occupancy and possession of the marital home. In the concurring opinion in the *Rosenstiel* case, Mr. Justice STEUER stated (p. 78): "A spouse does not have a right to occupy realty owned by the other spouse by virtue of the marital status, any more than a spouse has a right to the use of any other property owned by the other spouse. Granted that, absent other factors, there is a privilege for such use implied in that status. Of course, the courts are empowered to require the husband to support the wife and this includes providing a home for her. In most instances the practical and expedient method of requiring the husband to provide shelter is to allow the wife to occupy the premises previously used as the marital home. But this is not to say that the court can compel the husband to allow the wife to use his property in that connection where other adequate provision is made for her." There can be no doubt that the court has the power under the proper circumstances to direct temporary possession of the marital home regardless of title. The argument of unconstitutionality ignores the fact that the order merely directs temporary possession pending the outcome of the separation action. The record here, however, does not establish that the defendant's actions toward his wife have been such as to merit penalizing him by an order excluding him from his own home. The plaintiff is entitled to proper housing accommodations to continue her life in a similar manner to which she has been accustomed and Special Term will direct the defendant to provide adequate living and housing expenses for the plaintiff and her infant son during the pendency of the trial. The visitation rights of the father to visit his son as provided by Special Term are adequate and reasonable and should be continued without change. Settle order on notice. Concur — Breitel, J. P., Rabin, Valente, Stevens and Staley, JJ.