Samuel R. Weltz, Jr., Appellant, *v.* Carol C. Weltz, Respondent.

First Department, November 10, 1970.

*Vincent J. Malone* (*Charles Rothenberg* of counsel), for appellant.

*Maurice Shorenstein* of counsel (*Shorenstein & Shorenstein,* attorneys), for respondent.

Steuer, J. The order fixing temporary alimony for the support of the defendant and the child of the parties offends against repeated decisions of this court. Moreover, the proof was such that it appears that this is a case in which Special Term's failure to observe the guidelines laid down is particularly significant. The order, in addition to a weekly payment of $200, requires plaintiff to pay all maintenance charges for the use and occupancy of the marital apartment, the salaries of two domestic servants, the cost of food for defendant, the child and those domestics, and charges for utilities.

We have repeatedly pointed out that it is more desirable that items of support should not be fragmented but should be included in the amount of the award (*Macris* v. *Macris,* 29 A D 2d 528; *Sklan* v. *Sklan,* 29 A D 2d 526; *Schine* v. *Schine,* 28 A D 2d 976). There are many reasons for this. The practice can and does lead to endless disputes as to the expenditures made in pursuance of the directions. Also, by giving the wife an unrestricted privilege to fix the amount to be expended, extravagance is encouraged. Here, it appears that the wife threatened to make this suit a vehicle for the financial destruction of the husband — and that threat is not denied. Moreover, even in an area in which little exaggeration could be anticipated — the provision for utilities — she had run up a telephone bill of fantastic proportions.

But of more far reaching significance is the provision for the marital home. There was a time when if both parties continued to occupy the marital domicile no relief based on the inability to live together would be entertained (*Berman* v. *Berman,* 277 App. Div. 560). It was soon seen that the general shortage of living accommodations made it so difficult in many instances for the wife to obtain a place to reside that forcing her to leave put a distinctly unfair burden on her. This in turn raised problems where the situation between the spouses precluded the possibility of their both occupying the same apartment. In the bulk of the cases arising in metropolitan New York the parties occupied rented premises. It is practical and in most instances agreeable to both to allow the wife to continue to occupy the apartment and to include the rental in calculating the amount of support. The situation is often otherwise in the case of premises owned by the husband — most often a co-operative apartment. There is no authority for depriving the husband of his right to occupy or otherwise dispose of his own property. Sometimes resolution of the problem is by consent. But here it is in vigorous contention.

We agree that the defendant wife here has shown a right to temporary support and that this would include shelter. We do not agree that she has the right to use the plaintiff's property where her continued presence makes for an intolerable situation, as the record indicates. Where someone must vacate the premises, it is ordinarily the owner who has the right to stay. We are not prepared to say that no case may arise where the equities so preponderate that a wife would not be given exclusive use of a co-operative apartment, at least pending final judgment. But this is not that case.

Here the wife has indicated a strong aversion to the apartment as her home. She further evinces no tolerance and has shown no disposition to suffer the plaintiff's presence there. She has indicated a decided preference for her own apartment and apparently has something in mind as to a specific place. The apartment is, on the other hand, the husband's chief capital asset. It is important to him not only as a dwelling for himself and his two young daughters by a previous marriage, but also as a realizable asset. Under the circumstances he should be allowed to provide for his wife's shelter elsewhere.

We have accordingly reframed the order to provide support for the defendant in the sum of $230 per week, which shall cover all expenses. In addition, should the plaintiff elect to have her quit the premises, he is to pay her the sum of $6,000 annually in monthly installments to pay the rent of a suitable apartment for herself and their child. We consider the counsel fee to be excessive for the services rendered and necessarily to be rendered, and have reduced it to $2,500. In the event that further developments show that additional, unforeseen services are required, application for fees for the same may be made to the trial court.

The order entered May 25, 1970, should be modified on the law and the facts in an order to be settled herein to provide for weekly payments for the support of the defendant and the child of the parties in the sum of $230, and should the plaintiff give notice to defendant to quit the premises now occupied by them at 730 Park Avenue, New York, upon her compliance, to pay her $6,000 annually in monthly installments. Counsel fee is reduced to $2,500. As so modified the order should be affirmed without costs.

EAGER, J. P., NUNEZ and McNALLY, JJ., concur.

Order of the Supreme Court, New York County, entered on May 25, 1970, unanimously modified on the law and the facts to provide for weekly payments for the support of the defendant and the child of the parties in the sum of $230, and should the plaintiff give notice to defendant to quit the premises now occupied by them at 730 Park Avenue, New York, upon her compliance, to pay her $6,000 annually in monthly installments. Counsel fee is reduced to $2,500. As so modified, the order is affirmed, without costs and without disbursements.

Settle order on notice.