Joseph Lief, J.
In this action for divorce based on allegations of cruel and inhuman treatment, plaintiff requests custody of two infant children, aged seven and three, alimony, support and maintenance for the children, exclusive possession of the marital residence and counsel fees. Defendant, contesting, seeks dismissal of the complaint.
The parties were married in New York on September 13,1964.
The court finds that jurisdiction as required by section 230 of the Domestic Relations Law has been obtained.
Plaintiff testified that on numerous occasions the defendant physically abused her. The court finds that on at least four occasions (one incident during February, 1971 and on January 21, 26 and 29 of 1972) the defendant did either strike or choke the plaintiff causing her to sustain physical injury and suffer mental anguish. This conduct so endangers plaintiff’s well-being that it is unsafe and improper for her to cohabit with the defendant and she is granted a judgment of divorce (Domestic Relations Law, § 170, subd. 1).
Custody of the infant children is entrusted to plaintiff. Defendant should have liberal rights of visitation. Hopefully the parties may agree thereon. In the event they are unable to do so then the court will fix the same after considering the written suggestions of the parties. These requests should be submitted along with the proposed judgment to be settled hereon.
Plaintiff requests support and maintenance for herself and the children and exclusive possession of the marital residence. This last request defendant opposes alleging that since he is the sole owner of the marital domicile, which was purchased with his funds, he may not be denied possession thereof. Since a fundamental element of support involves the furnishing of a shelter for the family (Rosenstiel v. Rosenstiel, 20 A D 2d 71, 77; Family Ct. Act, § 416) the court must in this action determine the threshold question as to whether it has authority to grant plaintiff and the two infant children possession of defendant’s property. The court is satisfied that defendant is employed in a family business and his weekly net income is $163, exclusive of occasional tips from customers. His father supplements his income with gifts. He has accumulated savings. The carrying charges on the marital residence including fuel and utility expenses are comparable to the cost for suitable housing for plaintiff and the children. The financial picture presented by the parties is such that if an award were made for the plaintiff and the children which included housing it would impose an unreasonable strain on defendant’s income. *888 It would be less burdensome for defendant to maintain the plaintiff and children in the marital home and seek living quarters for himself. Accordingly, in this court’s discretion “ having regard to the circumstances of the case and of the respective parties ” the plaintiff and children are awarded exclusive possession of the marital house (Domestic Relations Law, § 234; 2 Foster-Freed, Law and the Family, New York, § 22:37, p. 103). The court is aware of the result that this direction will have on the defendant’s occupancy of his property. However, as Mr. Justice Steueb stated in his concurring opinion in Rosenstiel v. Rosenstiel (20 A D 2d 71, 78, supra) concerning the husband’s obligation to provide housing: “In most instances the practical and expedient method of requiring the husband to provide shelter is to allow the wife to occupy the premises previously used as the marital home. But this is not to say that the court can compel the husband to allow the wife to use his property in that connection where other adequate provision is made for her.” Writing more recently in Welts v. Welts (35 AD 2d 208), Mr. Justice Steueb said that there is no authority to deprive a husband of his right to occupy his own property but he continued (p. 209): “ We are not prepared to say that no case may arise where the equities so preponderate that a wife would not be given exclusive use of a co-operative apartment, at least pending final judgment.” In the case at bar defendant’s present financial condition cannot sustain the burden of providing the plaintiff and children with adequate living quarters. In support of the court’s authority to award a spouse possession of the other’s property Professor David D. Siegel in his Practice Comments to section 234 of the Domestic Relations Law stated (McKinney’s Cons. Laws of N. Y., Book 14, Domestic Relations,Law, § 234, pp. 127-128) that: “ The use of the phrase ‘ between the parties ’ in clause (2) of the first sentence further indicates that, while the converse is usually the "case, the court would be empowered to assign possession of some of the wife’s property to the husband, including such realty as the wife may own. In view of the general aim of the section to achieve ‘ flexibility ’, such a construction is not unwarranted.”
The defendant argues that he would have to sell the marital home in order to meet his obligations. The sale of the house would yield a substantial sum which could be employed in the family business, perhaps to produce additional income. “ There can be no doubt that the court has the power under the proper circumstances to direct temporary possession of the marital home regardless of' title.” (Lerner v. Lerner, 21 A D 2d *889 861, 862). Since the extent of our authority with regard to the giving of possession to the wife and children of a home owned by the husband is yet unclear, the plaintiff and the children shall have exclusive possession of the marital residence at least until such time as the defendant determines to sell his property, at which time he should apply to the court for leave to do so.
Defendant is directed to pay to the plaintiff the sum of $60 per week as support and maintenance for herself and the infant children, payable by check or money order to the plaintiff at her residence commencing November 24, 1972 and every Friday thereafter. In addition, the defendant is directed to pay the mortgage amortization, interest, insurance, repairs and taxes on the marital residence. The plaintiff shall be responsible for the fuel, utility, water and telephone expenses.
In the event that the defendant fails to pay the mortgage, etc., or if he sells the house, the plaintiff may apply for additional alimony and support in an amount sufficient to obtain and maintain living quarters for herself and the children and for a modification of the judgment to be entered herein accordingly.
It is advisable that plaintiff seek employment. This would benefit her and supplement the defendant’s earnings.
Settle judgment on notice and include in the proposed judgment a provision for plaintiff’s counsel fees of $750. Plaintiff’s counsel has already received a fee of $1,000. He is awarded an additional sum of $750 which should be paid to him within 30 days from the date of entry of the judgment herein. Should the defendant require further time to pay this amount then he may submit such a request when the judgment, etc., are submitted for signature. The total fee of $1,750 is rather modest considering the time and effort devoted by plaintiff’s counsel to prior proceedings and to trial of each of three days.