■ SPARKS ASSOCIATES, INC., Appellant-Respondent, v AETNA CASUALTY & SURETY COMPANY, Respondent-Appellant.—Orders, Supreme Court, New York County, entered on June 6 and October 21, 1975, respectively, unanimously affirmed on opinions of Korn, J., at Special Term, and that the defendant-respondent-appellant recover of the plaintiff-appellant-respondent $60 costs and disbursements of these appeals. No opinion. Concur—Kupferman, J. P., Murphy, Lupiano, Silverman and Yesawich, JJ.

■ In the Matter of the Estate of RAPHAEL ELLENDER, Deceased. ALINE OLSWANG, as Executrix of RAPHAEL ELLENDER, Deceased, Appellant; DOROTHY T. ELLENDER, Respondent.—Decree, Surrogate's Court, New York County, entered on May 19, 1975, unanimously affirmed on opinion of DiFalco, S., and that the respondent recover of the appellant $60 costs and disbursements of this appeal. No opinion. Concur—Kupferman, J. P., Murphy, Lupiano, Silverman and Yesawich, JJ.

■ PETER DUBNO, Appellant, v VERA DUBNO, Respondent.—Order entered October 7, 1975, in the Supreme Court, New York County, unanimously modified, on the law, the facts and in the exercise of discretion as hereinafter indicated, and as so modified is otherwise affirmed, without costs to either party. The first ordering paragraph, which granted defendant exclusive possession of the marital residence pending the outcome of this action, is stricken in its entirety, with the proviso that should plaintiff sell the house or defendant vacate the premises and take up residence elsewhere, plaintiff shall supply an adequate amount for rental consonant with the parties' previous standard of living. The record indicates that plaintiff is the sole owner in fee of the premises, having inherited same from his parents. While the defendant wife has demonstrated a right to temporary support including shelter, no reason is shown why plaintiff should be deprived of his property, or excluded therefrom, or why defendant should have rights in such property greater than any right accorded the owner (Weltz v Weltz, 35 AD2d 208; Lerner v Lerner, 21 AD2d 861). The second and third ordering paragraphs are stricken and in lieu thereof it is ordered that defendant be awarded the sum of $600 per month temporary alimony and in addition thereto plaintiff shall continue to pay all fixed costs relating to the marital residence such as utilities, taxes and maintenance, etc. The fourth ordering paragraph is modified only to the extent of deleting therefrom the grant to defendant of $3,000 in counsel fees. Leave to apply to the trial court for additional counsel fees remains. Defendant's counsel has already been paid $3,500 and there is no sufficient showing that any greater sum is presently warranted. The fifth ordering paragraph is rendered ineffective by our modification of the fourth ordering paragraph and is accordingly stricken. Settle order on notice. Concur—Stevens, P. J., Kupferman, Birns, Lane and Yesawich, JJ.