■ BARBARA A. KATZ, Respondent, v MARTIN KATZ, Appellant.—Judgment, Supreme Court, New York County, entered April 27, 1977, granting plaintiff a divorce from defendant, is unanimously modified, on the law and on the facts and in the exercise of discretion, by deleting the eighth and tenth decretal paragraphs of the judgment; modifying the ninth decretal paragraph so as to give appellant the option of demanding that respondent vacate the apartment on three months' notice; and modifying the eleventh decretal paragraph to increase the additional support allowance after plaintiff vacates the apartment to $250 per week; and, as so modified, is otherwise affirmed, without costs and without disbursements. Our modifications rectify two basic errors that we perceive on this record. First, the court at Special Term improperly deprived defendant of the right to possess and dispose of his primary asset, the marital co-operative apartment, by investing plaintiff with its exclusive possession until April 11, 1980. While giving to the wife exclusive possession of a husband's marital residence may, in appropriate circumstances, be justifiable *pendente lite,* a similar direction would usually be improvident postdivorce. (*Dubno v Dubno,* 51 AD2d 693; *Weltz v Weltz,* 35 AD2d 208.) Secondly, Special Term has given the wife a 15% interest in the proceeds of sale of defendant's co-operative. While the court has the power to determine questions of title to property (Domestic Relations Law, § 234), in this case there is no question of defendant's title to the apartment. It was not proper to give plaintiff a share in that ownership.

Perhaps, the court intended to supplement plaintiff's alimony after sale of the apartment in recognition of the greater expense she would endure in finding substitute lodging. Since the 15% device was a legally impermissible effort to give the wife additional funds after sale via an interest in defendant's property, we have substituted, in the exercise of discretion, a provision for a greater increase in the sum defendant must add to his alimony payments after plaintiff vacates the apartment. Settle order on notice. Concur—Lupiano, J. P., Birns, Evans and Markewich, JJ.