SECOND DEPARTMENT, JANUARY, 1979

(January 8, 1979)

■ HELEN ARMIENTO, Appellant-Respondent, v BERNARD ARMIENTO, Respondent-Appellant.—In an action for a divorce, (1) the plaintiff wife appeals, on the ground of inadequacy, from so much of a judgment of the Supreme Court, Westchester County, dated May 26, 1978, as awarded her alimony of $50 per week and a counsel fee of $2,000 and (2) the defendant husband cross-appeals from so much of the same judgment as (a) awarded the counsel fee and (b) failed to provide a date by which plaintiff must remove herself from the dwelling she now occupies, which is owned by defendant and his brother. Judgment modified, on the law and the facts, by (1) increasing the alimony award to $75 per week and the counsel fee to $3,000 and (2) adding thereto a provision that should defendant evict plaintiff from the premises she now occupies at 38 Grove Avenue, New Rochelle, New York, or should plaintiff voluntarily elect to take up residence elsewhere, upon plaintiff's removal from the premises, defendant is to pay her an additional sum of $50 per week as alimony. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. On the facts of this case, the awards of alimony and counsel fees were inadequate to the extent indicated herein. Defendant correctly asserts that he is entitled to possession of the marital home, of which he and his brother are co-owners. The judgment of divorce does not contain any provision allowing the plaintiff to remain in the premises. However, once plaintiff leaves the residence, she will not have sufficient means to obtain housing consonant with the parties' previous standard of living. For that reason, the award of alimony should be further increased if and when plaintiff vacates the premises (see *Dubno v Dubno*, 51 AD2d 693). O'Connor, J. P., Shapiro, Cohalan and Margett, JJ., concur.

■ LARRY I. BARD, Respondent, v FRANCINE BARD, Appellant.—Appeal by defendant from an order of the Supreme Court, Nassau County, dated May 10, 1978, which, *inter alia*, denied her motion for the appointment of a referee. Order affirmed, without costs or disbursements. If the defendant files specific objections to plaintiff's accounting she may renew her motion for the appointment of a referee. Hopkins, J. P., Titone, O'Connor and Cohalan, JJ., concur.