■ CLARA SHELDON, Respondent, v ROBERT SHELDON, Appellant.—Order and judgment, Supreme Court, Bronx County, entered December 7, 1977, which, *inter alia,* denied defendant's motion to disaffirm the report of the Special Referee and granted plaintiff's cross motion to confirm the report, and which modified the judgment of divorce by awarding to plaintiff the reduced sum of $90 weekly support, and awarded counsel fees of $1,500, unanimously modified, on the law and the facts, to the extent of granting in part defendant's motion to disaffirm the report of the Special Referee by directing that alimony be provided in the sum of $100 per week for the

plaintiff, effective as of the date of the order to be entered hereon, and by deleting from the judgment of divorce the provision that defendant maintain the former marital apartment for plaintiff; the award of counsel fees in the sum of $1,500 shall include the services rendered on this appeal, and, as so modified, affirmed, without costs and disbursements. The parties were divorced in February, 1973, defendant being directed to pay $150 per week as alimony and support for the parties' two infant children, both 18 years of age. Plaintiff was also awarded sole possession of the marital apartment, title to which was in the defendant, rent-free, until such time as she may remarry. After these two children reached their majority, defendant moved for a reduction in support and for possession of the apartment on the ground of substantial change in circumstances. Plaintiff cross-moved for an increase in support. Absent unusual circumstances (not here present), there is no obligation to support a child after he attains his majority. Further, it appears that plaintiff is gainfully employed and her ability to be self-supporting is relevant in determining the amount of support the defendant is to provide. Plaintiff, *the only one* now required to be supported, does not have an unfettered right to, and has not demonstrated a need for, the four-bedroom former marital apartment. Defendant, the sole owner, has sold the property. However, defendant is required to provide an adequate amount for rental and other support consonant with the parties' income, plaintiff's needs and the previous standard of living (see *Kover v Kover,* 29 NY2d 408, 415-416; *Morgan v Morgan,* 52 AD2d 804; *Dubno v Dubno,* 51 AD2d 693; *Weltz v Weltz,* 35 AD2d 208). After study of the record, it is concluded that a fair balance of the equities requires that the defendant pay to plaintiff the sum of $100 per week as and for her support and that the provisions for maintenance of the marital apartment be vacated. Accordingly, the judgment appealed from is modified to the extent that prospectively the sum of $100 per week alimony be awarded to plaintiff, effective as of the date of the order to be entered hereon. Concur—Sandler, J. P., Sullivan, Lane, Lupiano and Silverman, JJ.