OPINION OF THE COURT
Oscar Murov, J.
This appears to be a case of first impression under New York’s Equitable Distribution Law (L 1980, ch 281). At issue is whether in a matrimonial action, the court may award exclusive possession of the marital residence where said marital residence was acquired by the other spouse prior to the marriage sought to be dissolved and title is in his name alone. The court determines that it may not do so.
The parties were married two years ago on April 7,1979. There are no issue of this marriage. Plaintiff is 46 while the defendant is 62 years of age. Both parties are employed, but defendant earns substantially more. Defendant is nearing retirement. The marital residence is valued at approximately $68,000 and is not encumbered by a mortgage. Defendant has owned and resided at the marital residence for approximately 30 years. He derived title to same in his name alone upon the death of his first wife by operation of law. His second wife, the plaintiff herein, has never been listed on any deed as a title owner nor does there appear to be any agreement that she ever would be. Plaintiff now seeks exclusive possession of same.
Section 236 (part B, subd 5, par i) of the Domestic Relations Law provides: “[W]ithout regard to the form of ownership of such property”, the court may make an order *815 regarding the use and occupancy of the marital home and its household effects as provided in section 234 of the Domestic Relations Law.
This represents a significant change from prior case law in which the rule was formulated that absent very strong, compelling circumstances, it was ordinarily an improvident exercise of discretion for the court to grant one spouse exclusive use and occupancy of the marital home owned outright by the other spouse (Lerner v Lerner, 21 AD2d 861) especially on a permanent basis as part of the final judgment (Katz v Katz, 63 AD2d 581; cf. Frigano v Frigano, 72 Misc 2d 886). Under the new law, it appears that use and occupancy of the marital residence and its contents may be awarded to either spouse regardless of title.
A statute or legislative act is to be construed as a whole, and all parts of an act are to be read and construed together to determine the legislative intent (McKinney’s Cons Laws of NY, Book 1, Statutes, §97). In construing a statute, all sections of a law must be read together to determine its fair meaning, even if the statute is divided into sections, chapters, or titles (McKinney’s Cons Laws of NY, Book 1, Statutes, § 130). All parts of a statute must be harmonized with each other as well as with the general intent of the whole statute, and effect and meaning must, if possible, be given to the entire statute and every part and word thereof (McKinney’s Cons Laws of NY, Book 1, Statutes, §98; Matter of Anderson v Board ofEduc., 46 AD2d 360, affd 38 NY2d 897). It may be contended that the maxim expressio unius est exclusio alterius should be applied here (McKinney’s Cons Laws of NY, Book 1, Statutes, § 240), so that where a law expressly describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded (Childs v Smith, 55 Barb 45, 38 How Prac 328, revd on other grounds 46 NY 34). Said maxim is not, however, an ironclad rule of law excluding in all cases from the operation of a statute those things which are not enumerated therein. It is merely an aid to be utilized in ascertaining the meaning of a statute when its language is ambiguous, and should be applied to
*816 accomplish the legislative intention, not to defeat it (Erie County v Whalen, 57 AD2d 281, affd 44 NY2d 817).
A reading of section 236 (part B, subd 5) of the Domestic Relations Law, entitled “Disposition of property in certain matrimonial actions” evinces a clear legislative intent that the court will not deprive a person of his title to or possession of property he or she acquired prior to the marriage sought to be dissolved. This is not to say, however, that the court may not compensate the spouse in other manners specified in part B of section 236 of the Domestic Relations Law, which the court has done here in the short-form order signed simultaneously herewith.