*518 OPINION OF THE COURT
Marylin G. Diamond, J.
Plaintiff and her husband, Alec Nathan Wildenstein, are presently engaged in a heavily litigated divorce action before this court (index No. 350381/97) in which considerable assets are at stake. The Wildenstein family is fabled to be the richest and most powerful art dealers in the world and the family’s wealth by some accounts exceeds $5 billion. During their marriage the parties and their children shared a townhouse (the Townhouse) with Alec Wildenstein’s brother, Guy Wildenstein, and his family, and their father, Daniel Wildenstein, with the various families occupying separate floors and jointly using certain common areas. Plaintiff presently resides on the floor of the Townhouse where she and her husband lived during the marriage pursuant to an order of this court issued in the pending matrimonial litigation (Domestic Relations Law § 236 [B] [5] [f]). The Townhouse is the only home the parties occupied in New York during their marriage and the children were raised there. It is undisputed that no lease has been granted and that the parties never paid rent or expenses for their occupancy.
The defendant, Nineteen East -Sixty-Fourth Street Corporation (the Corporation), has commenced summary proceedings in the Housing Part of the Civil Court of the City of New York (Housing Court) to evict plaintiff from the Townhouse. The Corporation’s corporate secretary, Michelle Le Marchant (Le Marchant), states in her affidavit that the Corporation is a real estate holding company which owns 100% of the title to the Townhouse. The shares of the Corporation are in turn owned by the Georges Wildenstein Trust and Wildenstein and Co., Inc. Le Marchant further states that the Townhouse is reserved for residential use and functions principally as the permanent residence for the chief executive officer of the Wildenstein art gallery (Guy Wildenstein) and a reception area for important and potential clients. Le Marchant states that “a floor has been made available by the Corporation to Alec Wildenstein on a discretionary basis as a place to stay when visiting New York.” She admits that Alec Wildenstein is an officer of the Corporation and one of its three directors. The other two directors are Guy Wildenstein and Richard K. Bernstein, Esq. (Bernstein), the attorney for Daniel Wildenstein. Bernstein himself submitted an affidavit in a prior motion stating that the Townhouse is “maintained as a temporary dwelling place for persons connected with the gallery.” In a supplemental affidavit Le Mar- *519 chant states that the officers of the Corporation are Guy Wildenstein (president), Alec Wildenstein (vice-president) and Le Marchant (corporate secretary). Undisclosed are the trustees, beneficiaries and/or remaindermen of the Georges Wildenstein Trust and the actual owners of Wildenstein and Co., Inc. Plaintiff seeks a stay of the Housing Court eviction proceedings commenced by the Corporation.
Domestic Relations Law § 236 (B) (5) (f) permits a court to “make such order regarding the use and occupancy of the marital home and its household effects * * * without regard to the form of ownership of such property.” The law is clear — when a matrimonial action is pending, regardless whether husband or wife is the owner of the marital premises, the other may not be evicted by summary proceedings and possession of the marital home should be determined in the matrimonial proceeding (Rosenstiel v Rosenstiel, 20 AD2d 71 [1st Dept 1963]). In Rosenstiel the Court permitted the wife to remain in possession despite the husband’s ownership of the marital home reasoning that she continued in possession “not by virtue of any license or special arrangement with her husband, but solely on the basis of the existence of their marriage” (Rosenstiel v Rosenstiel, supra, at 73).
The Corporation argues that the rule espoused by Rosenstiel (supra) and its progeny (see, Nagle v DiPaola, 134 Misc 2d 753; Lerner v Lerner, 21 AD2d 861; Frigano v Frigano, 72 Misc 2d 886; Padilla v Padilla, 164 Misc 2d 740) is not applicable to the instant matter. It is the Corporation’s position that while an owner husband may not utilize summary proceedings to evict a wife from a marital residence, in this case Alec Wildenstein does not own or control the Corporation, and thus Rosenstiel is inapplicable. Defendant is mistaken.
The summary proceedings are nothing more than a litigation tactic fronted by one of the many interlocking Wildenstein family corporate entities under the control or influence of Alec Wildenstein. Even without knowing the identity of the trustees, beneficiaries and/or remaindermen of the family trust, it is clear from the interlocking structure of the Wildenstein family interests, that despite the lack of any actual direct ownership interest Alec Wildenstein nonetheless retains at least some form of indirect ownership control and decision making with respect to the Townhouse. There is no evidence that any nonfamily member or person not under the employ of the family has any interest or control or decision making with respect thereto. Further evidence that the Corporation is acting as the alter *520 ego of Alec Wildenstein is its failure to seek his eviction. It is no more permissible for a spouse to hide behind a corporate veil and have the Corporation evict the other spouse than it would be for an owner spouse to do so personally. The stay is warranted here where the Corporation is behaving as the instrument of Alec Wildenstein clearly in violation of this court’s award of exclusive occupancy pendente lite pursuant to Domestic Relations Law § 236 (B) (5) (f).
Plaintiff’s motion for a stay of any and all proceedings brought or to be brought by the Corporation relating to eviction of the plaintiff from the Townhouse is granted.
Ordered that the Corporation is stayed from bringing any and all proceedings relating to the eviction of the plaintiff from the Townhouse.