■ MICHELLE A. COLELLO, Plaintiff, v EUGENE G. COLELLO, Defendant. (Action No. 1.) RESOURCE MANAGEMENT SERVICES, LLC, et al., Appellants, v MICHELLE A. COLELLO et al., Respondents. (Action No. 2.) [797 NYS2d 787]—Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered March 29, 2004. The order, insofar as appealed from, granted the cross motion of defendant Eugene G. Colello for an order directing the plaintiffs in action No. 2 to distribute capital, income and other forms of money payments to him as may be requested by him for the purposes of his complying with the pendente lite order and other orders for the payment of attorney fees and disbursements of Michelle A. Colello, payment of attorney fees of Eugene G. Colello, payment of maintenance and child support to Michelle A. Colello and payment of the reasonable support of Eugene G. Colello.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Contrary to the contention of the plaintiffs in action No. 2, Supreme Court properly ordered them to "pay such distributions of capital, income, and other forms of money payments to Eugene G. Colello as may be requested by him and are made for the purposes of his complying with the pendente lite and other Orders of [the court] for the payment of attorney fees and disbursements of Michelle A. Colello, payment of the attorney fees of Eugene G. Colello, payment of maintenance and child support to Michelle A. Colello as ordered or may be ordered by [the court], and the reasonable support of Eugene G. Colello." We further conclude that the court properly ordered the plaintiffs in action No. 2 to "execute all instruments necessary to comply with" the order. The order was issued pursuant to

Domestic Relations Law § 234 and was "necessary 'to prevent fraud or to achieve equity' " (*Walkovszky v Carlton*, 18 NY2d 414, 417 [1966]). The record establishes that the plaintiffs in action No. 2 were either the "servants or agents" of Eugene G. Colello or they acted "in collusion or combination with [him]" (*Rigas v Livingston*, 178 NY 20, 24 [1904]; *see Ricatto v Ricatto*, 4 AD3d 514, 516 [2004]; *Wildenstein v Nineteen E. Sixty-Fourth St. Corp.*, 177 Misc 2d 517, 519-520 [1998]). Present—Green, J.P., Hurlbutt, Kehoe, Pine and Hayes, JJ.