BENJAMIN KASPER, Appellant, v. CHARLES BUTLER et al., Respondents.— In an action to recover a real estate broker's commission, order, made on reargument, modified by striking the last ordering paragraph therefrom and by substituting in place thereof paragraphs providing (1) that defendants' motion for summary judgment be denied; and (2) that leave be granted to appellant, if he be so advised, to serve an amended complaint within twenty days after entry of an order hereon. As thus modified, the order is affirmed, without costs. The judgment entered herein is vacated. This determination is required in the interests of justice. Nolan, P. J., Carswell, Adel, Sneed and MacCrate, JJ., concur.

DANIEL J. O'MEARA, Respondent, v. EVELYN D. O'MEARA, Appellant.— In an action brought to divest defendant of title, or of any interest in or to certain real property acquired by the parties during their marriage, defendant appeals from a judgment which grants plaintiff's motion to strike out her answer as sham, pursuant to rule 104 of the Rules of Civil Practice, and adjudges that plaintiff is the sole owner of the property in suit. Judgment reversed on the law and the facts, without costs, and plaintiff's motion to strike out defendant's answer denied, without costs. The record establishes that subsequent to the acquisition of the property the marriage of the parties was annulled, on suit by plaintiff, because of fraud on the part of the defendant. The theory upon which the present action is brought is that the conveyance to the defendant of her interest in the property was upon the sole consideration of the marriage, which has now been annulled, that plaintiff paid the entire consideration on the purchase of the property and should be adjudged under the circumstances to be the sole owner thereof. The estate by the entirety rested on the existence of the marital relation (*Armondi* v. *Dunham,* 221 App. Div. 679; *Stelz* v. *Shreck,* 128 N. Y. 263), and when that relation was dissolved a tenancy in common arose, at least as a matter of presumption (cf. *Bambauer* v. *Schleider,* 176 App. Div. 562, and *Bell* v. *Little,* 204 App. Div. 235). That presumption is rebuttable, however, and the rights of the parties in the property should be determined in the light of the facts, in accordance with equitable principles. (Cf. *American Sur. Co.* v. *Conner,* 251 N. Y. 1.) It is our opinion, on the record presented, that the affidavit submitted by respondent was insufficient to establish that appellant's answer was sham, and that the questions arising relating to the property rights of the parties resulting from their marital status should not have been summarily decided. A trial will afford the parties a more adequate opportunity to establish the facts and will permit the court to apply thereto the principles of equity which must govern its determination. Nolan, P. J., Carswell, Adel, Sneed and MacCrate, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES BRAKEFIELD, Appellant.— Order, made on reargument, denying appellant's motion to vacate a judgment of conviction, on the ground that he was illegally sentenced as a felon (Penal Law, § 1751) in that he was guilty of only a misdemeanor, and order denying appellant's motion to resettle the aforesaid order, affirmed. The appeal from the first above-described order has been considered on the merits, as from an order denying a motion to vacate the judgment of conviction and sentence. Nolan, P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.