■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES A. HILL, Appellant, v. W. CECIL JOHNSTON, as Director of Matteawan State Hospital, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Dutchess County, dated March 15, 1971, which dismissed the writ. Appeal dismissed as moot, without costs. Relator is no longer in respondent's custody (cf. *People ex rel. Miller* v. *Follette*, 33 A D 2d 789). Munder, Acting P. J., Martuscello, Latham, Shapiro and Gulotta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CARMINE LOMBARDI, Appellant, v. J. LELAND CASSCLES, as Superintendent of Ossining Correctional Facility, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Westchester County, entered October 7, 1970, which, after a hearing, dismissed the writ and remanded him to the custody of respondent. Judgment reversed, on the law, without costs, and proceeding remanded to the Special Term for further proceedings consistent herewith. We find no merit to relator's contentions with regard to the computation of ' "good time" credit. On appeal he raised the question of invalidity of the parole revocation procedures whereby he was allegedly deprived of the right to counsel and was allegedly not afforded a hearing. As to these issues further proceedings are required in accordance with the rules and procedures set forth in *People ex rel. Maggio* v. *Casscles* (28 N Y 2d 415). Munder, Acting P. J., Martuscello, Latham, Shapiro and Gulotta, JJ., concur.

■ FLORENCE SCAMPOLI, Respondent, v. CARMINE SCAMPOLI, Appellant.— In an action for separation, defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County, entered March 4, 1971, as directed him to pay *pendente lite* child support of $75 a week and awarded exclusive occupancy of the marital premises to plaintiff. Order modified by deleting therefrom the following decretal provision: " Plaintiff is awarded exclusive occupancy of the marital residence" and by substituting therefor the following: "Insofar as plaintiff's motion seeks exclusive occupancy of the marital premises it is denied." As so modified, order affirmed, without costs. While there is no question that a court is empowered to award exclusive possession of marital premises owned by the parties as tenants by the entirety to one of the parties *pendente lite* (Domestic Relations Law, § 234), unless there is a showing that such a directive is necessary to protect the safety of persons and property the court should not exercise its authority to apply it (*Mayeri* v. *Mayeri*, 26 Misc 2d 6). On the facts adduced at bar it was an improvident exercise of discretion to award plaintiff exclusive possession of the premises prior to a trial and without a hearing (*Rowley* v. *Rowley*, 6 A D 2d 1049). Munder, Acting P. J., Martuscello, Latham, Shapiro and Gulotta, JJ., concur.