■ DENNIS BROADHURST, Appellant, v CAROL D. BROADHURST, Respondent.—In an action *inter alia* for specific performance of a separation agreement, the plaintiff husband appeals from an order of the Supreme Court, Dutchess County, dated April 17, 1974, which awarded defendant (1) exclusive possession of certain real property, the former marital premises, and (2) a temporary counsel fee in the amount of $500, with leave to apply to the trial court for additional counsel fees. Order modified by (1) deleting from the first decretal paragraph thereof the words "to the defendant to be occupied solely by the defendant and the two children of the parties hereto," and substituting therefor the words "jointly to the parties" and (2) deleting the second decretal paragraph thereof. As so modified, order affirmed, without costs. By the terms of a separation agreement dated October 23, 1968, the parties agreed to make diligent efforts to sell, by June 1, 1969, the house which was then owned by them as tenants by the entirety. They agreed that, upon the sale of the house, plaintiff would pay $2,500 to defendant in full satisfaction of her interest in the property. The agreement further provided that if the home were not sold prior to June 1, 1969, the plaintiff would, on that date, tender $2,500 to defendant in full payment of her interest in the property. The separation agreement also provided that "in the event the wife is compelled to enforce any provision of this Agreement by law suit or otherwise, the husband agrees to pay the expenses thereof, including reasonable attorney's fees." The terms of the separation agreement were incorporated into, and survived, the subsequent judgment of divorce, which judgment terminated the tenancy by the entirety and converted it into a tenancy in common (see *O'Meara v O'Meara,* 278 App Div 1009; *Hendel v Hendel,* 44 AD2d 532). Plaintiff subsequently commenced the present action, claiming that he had not been required to tender payment of $2,500 on June 1, 1969, and that, in any event, he or his attorney had, in fact, tendered payment on various occasions both before and after that date, which tenders had been rejected by defendant. Defendant asserts the affirmative defense that plaintiff breached the separation agreement and counterclaims, seeking one half of the net equity of the real property, or, in lieu thereof, possession of the real property for herself and the children and counsel fees. By this motion, defendant seeks (1) an "order permitting [her] and her two infant children to move into and reside in the real property owned by the parties" and (2) an award of counsel fees. Plaintiff is currently on a two-year assignment in France for his employer and has padlocked the former marital premises. Regardless of who breached the separation agreement, it is clear that defendant has not been divested of her interest, as a tenant in common, in the former marital premises. Both the separation agreement and the judgment of divorce are silent as to possession of the former marital premises. Hence, each party, as a tenant in common, is entitled to possession of those premises. Special Term, in awarding sole occupancy to defendant, unnecessarily granted greater relief to her than she had requested. Moreover, exclusive possession, *pendente lite,* should not be ordered prior to a hearing "unless there is a showing that such a directive is necessary to protect the safety of persons and property" *(Scampoli v Scampoli,* 37 AD2d 614). Such circumstances are clearly not present in this case. An action for specific performance of a separation agreement is not a matrimonial action allowing for the award of counsel fees *pendente lite* (cf. Domestic Relations Law, § 237; *Riemer v Riemer,* 31 AD2d 482, 487, affd 31 NY2d 881; *Lourie v Mishkin,* 106 NYS2d 447). In

addition, the CPLR does not provide for a provisional remedy to enforce, at this time, defendant's potential contractual right to a counsel fee. Martuscello, Acting P. J., Cohalan, Christ, Munder and Shapiro, JJ., concur.