■ PEGGY RAUCH, Respondent, v MEYER RAUCH, Appellant. — In an action for a divorce on the ground of cruel and inhuman treatment, the defendant

husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Dachenhausen, J.), dated December 10, 1980, as granted the branches of plaintiff's motion which sought alimony *pendente lite* and exclusive use and occupancy of the marital residence in Yonkers, New York. Order modified, by deleting that portion which awarded plaintiff exclusive possession of the marital residence in Yonkers, New York, and substituting a provision denying that branch of plaintiff's motion. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The court may, in an appropriate situation, exclude one spouse from the marital residence, or direct the husband to provide the wife with lodging in kind. However, to justify excluding one of the parties from the marital residence during the pendency of the action, there must be a showing that the exclusion is necessary to protect the safety of persons or property *(Scampoli v Scampoli,* 37 AD2d 614). Though defendant did hit plaintiff on one occasion, he should not be excluded from the marital home located in Yonkers, New York, since adequate accommodations are available to plaintiff, namely, another home owned by the parties at Kiamesha Lake, New York, where plaintiff has been staying (see *Lerner v Lerner* 21 AD2d 861). Though the plaintiff's accommodations are smaller than the marital residence, this is not controlling (see *Parlato v Parlato,* 44 AD2d 720). There are no children at home and plaintiff does not work; it would be inequitable to exclude the husband. Moreover, defendant has a business in Manhattan necessitating his need for the marital residence. In view of the length of the marriage, 30 years in duration, the undisputedly high marital standard of living, and the husband's demonstrated assets and earning potential, it was not an abuse of discretion to award plaintiff a temporary maintenance sum of $325 per week (see *Hickland v Hickland,* 39 NY2d 1). In awarding alimony *pendente lite* the ultimate determination depends upon a balancing of several factors, including the financial status of the respective parties, their age, health, necessities and obligations, their station in life, the duration and nature of the marriage, and the conduct of the parties (see *Phillips v Phillips,* 1 AD2d 393). Considering the factors above, and the facts that plaintiff is accustomed to a lavish life-style and that defendant is financially able to maintain that standard, defendant has an obligation to do so (see *Hickland v Hickland, supra).* Gulotta, J.P., Cohalan, O'Connor and Bracken, JJ., concur.