■ JANICE VALLET, Respondent, v H. LAWRENCE VALLET, Appellant. — Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered July 24, 1981 in Albany County, which granted plaintiff temporary exclusive use and occupancy of the marital premises, temporary maintenance, temporary child support and temporary custody of the three minor children of the marriage. Plaintiff and defendant were married in 1962 and have three minor children. A divorce action was begun and plaintiff made a motion for an order granting her exclusive use and occupany of the marital residence, temporary maintenance, temporary child support and temporary custody of the three minor children of the marriage. In support of her motion, plaintiff submitted an affidavit alleging that defendant had threatened her with his fists. An affidavit sworn to by the parties' oldest daughter, then 15 years old, was also submitted wherein it was alleged that defendant had struck the daughter and threatened her. Defendant, a physician, denied these allegations in his affidavit submitted in opposition to the motion, although he did state therein that on one occasion he did threaten the oldest daughter that if she did not tell him her whereabouts, stop lying and hitting the other children, he would throw her out with her mother. It also appears from the record that both parties petitioned Albany County Family Court for an order of protection and a mutual order of protection resulted. Special Term, without a hearing, granted plaintiff temporary exclusive use and occupancy of the marital premises, temporary maintenance of $100 per week, temporary custody of the three minor children and temporary child support of $180 per week. This appeal ensued. Initially, defendant argues that the court improperly granted plaintiff, without a hearing, temporary exclusive use and occupancy of the marital residence. As a general rule, exclusive possession of the marital home, *pendente lite,* should not be ordered prior to a hearing unless there is a showing that such possession is necessary to protect the safety of persons and property (*Baranyk v Baranyk,* 73 AD2d 1004; *Broadhurst v Broadhurst,* 50 AD2d 569). Upon a thorough examination of the entire record, we conclude that there was no abuse of discretion by Special Term in awarding plaintiff temporary exclusive use and occupancy of the marital residence (see *Binet v Binet,* 53 AD2d 836). Defendant's contentions regarding the award of temporary maintenance, temporary custody of the children and temporary child support are based on the premise that this court would decide that the award of temporary exclusive use and occupancy of the marital residence to plaintiff was improper. In view of the fact that we have concluded otherwise, these arguments must fail. We would also note in response to defendant's contentions concerning the order on appeal that a prompt trial is the most efficacious means to resolve any claimed inequities (see *Corsell v Corsell,* 80 AD2d 544; *Baranyk v Baranyk,* 73 AD2d 1004, *supra*). The order should be affirmed. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.