OPINION OF THE COURT
John S. Lockman, J.
Motion by plaintiff for an order directing defendant to contribute $180 per week for “joint household expenses”, for exclusive use and occupancy, for a money judgment or award of arrears and for a counsel fee, all pendente lite, is disposed of as set forth below.
Although plaintiff has not characterized her request for household expenses as an application for maintenance, she has included among the items of relief sought interim counsel fees. The rules of the Appellate Division, Second Department (22 NYCRR 699.11 [a]) require that an official form affidavit accompany such a request. Plaintiff’s submission of the respective parties’ income tax returns is most informative, but does not constitute compliance with the Appellate Division rule.
Were plaintiff’s papers in proper form, her request for a direction that defendant contribute $180 a week towards joint household expenses would still have to be denied. Plaintiff relies upon section 236 (part B, subd 8, par b) of the Domestic Relations Law which provides: “In any action where the court has ordered temporary maintenance, maintenance, distributive award or child support, the court may direct that a payment be made directly to the *696 other spouse or a third person for real and personal property and services furnished to the other spouse, or for the rental or mortgage amortization or interest payments, insurances, taxes, repairs or other carrying charges on premises occupied by the other spouse, or for both payments to the other spouse and to such third persons”.
Plaintiff does not seek temporary maintenance inasmuch as she has a substantial income from her employment and investments exceeding $60,000 a year as reflected in her income ,tax return. She does not claim that she is unable to meet household expenses without assistance from defendant. Rather it is her claim that in fairness defendant should be required to make contribution.
The clear and unambiguous language of section 236 (part B, subd 8, par b) of the Domestic Relations Law requires that before such a direction may be made, the court must have ordered maintenance, temporary maintenance, a distributive award or child support. Such prerequisites have not occurred in this case and the court is therefor precluded from granting the relief sought. Any payments made by plaintiff toward the maintenance and preservation of marital property may be adequately compensated in the ultimate distributive award. (Domestic Relations Law, § 236, part B,. subd 5, par d, cl [6].)
There is no basis for a grant of exclusive use and occupancy in this case. (Broadhurst v Broadhurst, 50 AD2d 569; Scampoli v Scampoli, 37 AD2d 614.)
The defendant was never ordered to contribute to the maintenance or carrying charges on the New York residence here at issue. Therefore, his failure to do so cannot support the grant of a money judgment. (Domestic Relations Law, § 244.) Again plaintiff may be adequately protected in the ultimate distributive award. (Domestic Relations Law, § 236, part B, subd 5, par d, cl [6].)
The issue of counsel fees is referred to the trial court.
Movant is directed to serve a copy of this order on defendant.