■ FRED GANDELMAN, Appellant, v BRENDA GANDELMAN, Respondent. — In a matrimonial action, plaintiff appeals from (1) a judgment of the Supreme Court, Queens County (Lerner, J.), dated January 25, 1982, which granted defendant a separation, awarded her exclusive possession of the marital residence and referred the issues of support and custody to the Family Court and (2) an order of the same court, dated December 29, 1981, which denied plaintiff's application to stay enforcement of the award of exclusive occupancy. Judgment modified, as a matter of discretion, by deleting the second decretal paragraph thereof which awarded exclusive occupancy of the marital residence to the defendant. As so modified, judgment affirmed, without costs or disbursements. Appeal from the order dated December 29, 1981 dismissed as academic in light of the above modification, without costs or disbursements. We have repeatedly noted that "the conduct of a trial, including the question of adjournments, is within the sound discretion of the trial court (see *Bilyou v*

*State of New York,* 33 AD2d 604; *Matter of Case,* 24 AD2d 797; *Zirn v Bradley,* 270 App Div 829; see, also, *Balogh v H.R.B. Caterers,* 88 AD2d 136)" (*Spodek v Lasser Stables,* 89 AD2d 892). Where plaintiff's attorney was advised by the court on the date of the trial that the case would be tried that afternoon and plaintiff's attorney did not have an actual engagement or other excuse for his absence that afternoon, it was not an abuse of discretion for the trial court to refuse substitute counsel's request for an adjournment on behalf of the plaintiff. Although we find that defendant produced sufficient evidence of plaintiff's failure to support her, we hold that on the record before us the award of exclusive possession of the marital abode was an improvident exercise of discretion. The husband is the sole owner of the marital premises and although "the defendant wife has demonstrated a right to * * * support including shelter, no reason is shown why plaintiff should be deprived of his property, or excluded therefrom, or why defendant should have rights in such property greater than any right accorded the owner" (*Dubino v Dubino,* 51 AD2d 693; see *Weltz v Weltz,* 35 AD2d 208; *Lerner v Lerner,* 21 AD2d 861). Since the Family Court has jurisdiction to award exclusive possession pursuant to the trial court's referral to it of the custody and support issues (see *Capelli v Capelli,* 42 AD2d 905, 906), an expeditious trial of those matters would best serve the interests of both parties. Titone, J. P., Weinstein, Gulotta and Niehoff, JJ., concur.