■ WAYNE D. FREIHOFER, Respondent, v ELIZABETH A. FREIHOFER, Appellant. — Appeal from an order of Supreme Court at Special Term (Prior, Jr., J.), entered October 13, 1982 in Albany County, which granted exclusive possession of the marital residence to plaintiff, granted temporary joint custody of the issue of the marriage, referred for a hearing to Family Court the question of temporary custody and child support, and awarded temporary maintenance to defendant. Plaintiff and defendant have mutually sued for divorce. The actions were consolidated. Plaintiff moved and defendant cross-moved for exclusive possession of the marital residence. Plaintiff and defendant have been married since August 11, 1972. Both have children by prior marriages — the husband a son and the wife a son and daughter. There is one issue of their marriage, an 8-year-old son. All reside in the family residence. The husband is a man of substantial means while the wife earns a meager return. In their respective affidavits both parties accuse one another of abusive and cruel behavior. The court found the situation to be an unsafe and unhealthy one and deemed the award of exclusive possession of the marital residence to be indicated as expedient. In granting to the plaintiff husband exclusive possession, the court noted that title to the property was solely in the husband's name. This appeared to be the focal point of the determination. We previously had cause to state: "Exclusive possession of the marital home, *pendente lite,* should not be ordered prior to a hearing unless it is demonstrated that such possession is necessary for the protection of the safety of persons and property" (see *Baranyk v Baranyk*, 73 AD2d 1004, 1005). When affidavits of the litigants are sharply contradictory and there is no other evidence before the court to assist it in making an appropriate judgment and where the uprooting of children is involved, as is the case here, a hearing is clearly indicated. We note, too, that with the advent of the Equitable Distribution Law (Domestic Relations Law, § 236, part B), title ownership is only one of several factors to be considered on the issue of exclusive possession of the marital residence. Here title ownership constituted the only basis for the award. Special Term needlessly ordered a hearing on temporary custody of the infant issue of the marriage and made a premature grant of temporary maintenance. We note that neither party requested such relief. Under the circumstances, these issues would best be left to resolution in the divorce proceeding or, if necessary, be addressed as part of a comprehensive hearing on exclusive possession of the marital residence. Order reversed, on the law and the facts, and matter remitted to Special Term for further proceedings not inconsistent herewith. Casey, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.