■ GREGORY GIORDANO, Appellant, v BERNICE DITON, as Administratrix of the Estate of WILLIAM DITON, Deceased, Respondent. — In a negligence action to recover damages for personal injuries, plaintiff appeals from an interlocutory judgment of the Supreme Court, Kings County (Slavin, J.), dated January 4, 1982, which, after a jury trial on the issue of liability only, adjudged that he was 60% negligent and that the defendant's decedent was 40% negligent. Interlocutory judgment reversed, on the facts, and a new trial granted, with costs to abide the event. The jury's verdict was against the weight of the evidence. Titone, J. P., Gibbons, Niehoff and Boyers, JJ., concur.

■ ROXINE HARKAVY, Respondent, v MICHAEL HARKAVY, Appellant. — In a matrimonial action, the defendant husband appeals from an order of the Supreme Court, Nassau County (Velsor, J.), dated December 1, 1982, which, upon his motion for visitation and the plaintiff wife's cross motion for *pendente lite* relief, *inter alia,* (1) directed him to pay to the plaintiff wife, *pendente lite,* the sum of $25 per week for her support and maintenance and the sum of $60 per week for the support of the two children of the parties, (2) directed him to pay the carrying charges on the marital residence and the fuel and utility bills and the first $25 of the monthly telephone bill, (3) awarded temporary custody of the infant children to the plaintiff, (4) limited the visitation awarded to the defendant to only one day per week, i.e., Sunday, from 10:30 A.M. to 6:00 P.M., and (5) granted exclusive occupancy of the marital premises to the plaintiff, *pendente lite.* Order reversed, without costs or disbursements and matter remitted to the Supreme Court, Nassau County, for a hearing in accordance herewith. Absent a sufficient showing that such directive was necessary to protect the safety of persons and property, it was an improvident exercise of discretion for Special Term to award the wife exclusive occupancy of the marital residence prior to trial and without a hearing (see *Hite v Hite,* 89 AD2d 577; *Siegal v Siegal,* 74 AD2d 867; *Scampoli v Scampoli,* 37 AD2d 614). The affidavits of the parties were sharply contradictory and there was no other significant evidence before the court to justify its grant of exclusive occupancy to the wife. Therefore a hearing is required (*Freihofer v Freihofer,* 91 AD2d 815). In view of our determination herein, an award of temporary maintenance and child support and any determination as to custody and visitation rights, *pendente lite,* should await the result of the hearing. We note that there is no proof in this record that the defendant has failed to adequately provide for the needs of his family (see *De Gasper v De Gasper,* 31 AD2d 886; *Baker v Baker,* 16 AD2d 409; *Scheideler v Scheideler,* 10 AD2d 991). An expeditious trial would be appropriate and would obviate the need for a hearing. Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.