■ CONNIE DE MILLIO, Respondent, v JAMES DE MILLIO, Appellant. — In a matrimonial action, the defendant husband appeals (1) from an order of the Supreme Court, Queens County (Miller, J.), dated March 13, 1984, which, upon the plaintiff wife's motion for *pendente lite* relief, *inter alia,* awarded her exclusive custody of the infant children of the parties and exclusive occupancy of the marital residence, directed him to pay certain carrying charges and utilities for said residence and the sum of $100 per week as temporary child support, set forth certain visitation privileges with the children and awarded plaintiff an interim counsel fee of $2,000 and (2) as limited by his brief, from so much of an order of the same court, also dated March 13, 1984, as denied that branch of his motion pursuant to CPLR 3108 which sought the issuance of a commission to take the depositions of two prospective witnesses who reside in the State of New Jersey.

The first of the above-described orders affirmed and the second such order affirmed insofar as appealed from, without costs or disbursements. The matter is remitted to the Supreme Court, Queens County, for trial as soon as practicable.

Unlike the situation in *Harkavy v Harkavy* (93 AD2d 879), there was "a sufficient showing" in this case that an award of exclusive occupancy of the marital residence prior to trial and without a hearing "was necessary to protect the safety of persons and property". Although the affidavits of the parties contain conflicting factual allegations, there was, unlike the situation in *Harkavy v Harkavy (supra)*, "other significant evidence" sufficient to justify the award of exclusive occupancy to the wife. That evidence included, *inter alia,* the undisputed existence of an outstanding order of protection and affidavits from a teacher and a witness to the defendant's conduct.

We find no merit to defendant's other contentions.

An expeditious trial is appropriate (see *Harkavy v Harkavy, supra*). Gibbons, J. P., O'Connor, Niehoff and Lawrence, JJ., concur.