■ JEAN KING, Appellant, v JAMES KING, Respondent. — In a matrimonial action, plaintiff wife appeals from so much of an order of the Supreme Court, Nassau County (Widlitz, J.), dated March 9, 1983, as (1) denied those branches of her motion which sought exclusive use and occupancy of the marital residence and an order of protection pendente lite, and (2) granted defendant husband's cross motion for exclusive use and occupancy of the marital residence pendente lite.

Order reversed, insofar as appealed from, on the facts, with costs, those branches of plaintiff's motion which sought exclusive use and occupancy of the marital residence and an order of protection granted, and defendant's cross motion for exclusive use and occupancy denied.

Plaintiff's averments that she had been physically beaten by defendant were corroborated by uncontroverted medical evidence that she had incurred injuries of the type normally inflicted by physical force. Moreover, there was evidence that plaintiff was suffering from agoraphobia, which had been aggravated by physical and mental abuse. In light of this evidence, we believe that plaintiff has established that during the pendency of the action her safety requires her to have exclusive possession of the marital home and an order of protection (*see, De Millio v De Millio,* 106 AD2d 424; *Rauch v Rauch,* 83 AD2d 847; *Binet v Binet,* 53 AD2d 836). Hence, we find that it was an improvident exercise of discretion to deny her that relief and to grant exclusive occupancy to defendant, especially since defendant's allegations of misconduct on the part of plaintiff were virtually unsupported (*see, Hite v Hite,* 89 AD2d 577). Titone, J. P., O'Connor, Rubin and Lawrence, JJ., concur.

■ BILLYE J. KOCH, Appellant-Respondent, v WILLIAM R. KOCH, Respondent-Appellant. — Judgment of the Supreme Court, Suffolk County, entered January 31, 1984, affirmed, without costs or disbursements, for reasons stated by Justice Doyle at Special Term. Mangano, J. P., Bracken, Weinstein and Niehoff, JJ., concur.