■ KAREN R. DAY, Respondent, v RICHARD E. DAY, Appellant.—In an action for divorce, defendant husband appeals from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated June 19, 1984, which, *inter alia,* (1) granted the plaintiff wife a divorce on the ground of cruel and inhuman treatment; (2) provided that the parties' two children shall reside with the plaintiff pursuant to an award of joint custody; (3) awarded the plaintiff certain marital property; (4) directed the defendant to pay child support in the amount of $37.50 per week per child, and maintenance to his former wife in the amount of $75 per week until her remarriage; and (5) awarded the plaintiff counsel fees in the amount of $6,858.30.

Judgment modified, on the law and the facts, by deleting from the fourth decretal paragraph the words "maintenance payments shall continue until the plaintiff remarries", and substituting therefore the words "maintenance payments shall continue until five years after the date of this judgment or until she remarries, whichever occurs first". As so modified, judgment affirmed, without costs or disbursements.

Under the circumstances of this case, the trial court properly granted plaintiff a divorce on the ground of cruel and inhuman treatment (Domestic Relations Law § 170 [1]). Although many of the acts of alleged misconduct occurred in private and were uncorroborated, acts of cruel and inhuman treatment constituting grounds for divorce do not require corroboration (*D'Amato v D'Amato,* 96 AD2d 849). In addition, while the ultimate finding of cruel and inhuman treatment is based, in part, on the parties' conflicting testimony, we defer to the trial court's assessment on the issue of their relative credibility.

Defendant also contends that the court erred in awarding the plaintiff physical custody of the children. In determining a question of child custody, a court must weigh various factors and policies in order to ascertain what is in the child's best interests (Domestic Relations Law § 70; *Eschbach v Eschbach,* 56 NY2d 167, 171). On appellate review, the findings of nisi prius must be accorded the greatest respect, and should not be set aside in the absence of articulated reasons therefor (*Eschbach v Eschbach, supra,* p 173; *Matter of Ebert v Ebert,* 38 NY2d 700, 702). Based on our review of the record, we find no basis for setting aside the determination on custody.

Defendant further contends that the court's distribution of marital property and its monetary awards of maintenance and child support must be reversed because the trial court failed to set forth the factors underlying its decision. Although the Trial Judge did not comply with the mandate of Domestic Relations Law § 236 (B) (5) (g); (6) (b); (7) (b), in that it did not set forth the factors it considered and the reasons for its determination on these issues, the record is nevertheless sufficient to permit this court to review the decision (*see, Damiano v Damiano,* 94 AD2d 132, 134). Initially, we note that the court did not err in dividing the marital property into two roughly equal parts, nor was it error for the court to award the plaintiff ownership of the horse trailer in furtherance of its goal of equal division. Although defendant's financial contribution to the marital property was greater than the plaintiff's, plaintiff's homemaking services, as well as her financial contribution, entitled her to share in the marital property to the extent indicated in the judgment (Domestic Relations Law § 236 [B] [5] [c], [d]).

Further, we find the court's award of $37.50 per week per child for child support to be reasonable in light of the defendant's economic circumstances. However, the maintenance award in the amount of $75 per week until the plaintiff remarries, although reasonable in amount, is excessive in its duration. At the time of the trial, plaintiff was employed, was earning approximately $247 per week, and was involved in a training program designed to enhance her prospects of increasing her income. Moreover, at trial she estimated that it would take approximately five years before she would become self-sufficient. In light of the foregoing, we conclude that the period of maintenance should be modified so as to extend for a period of five years, to be measured from the date of the judgment, unless the plaintiff remarries sooner. Further, the record discloses that the court did not abuse its discretion in ordering the defendant to pay the sum of $6,858.30 to the plaintiff for counsel fees.

Finally, we note that since plaintiff did not cross-appeal from the judgment, her arguments requesting a modification of the court's distribution of the marital property and the award of custody are not properly before us at this time (*Peterson v Troy,* 96 AD2d 856, 857). Thompson, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.