KENNETH V. KLEMENTOWSKI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Klementowski v. Commissioner
Docket No. 5465-84.
United States Tax Court
T.C. Memo 1986-145; 1986 Tax Ct. Memo LEXIS 468; 51 T.C.M. (CCH) 827; T.C.M. (RIA) 86145; April 14, 1986. Richard L. Campbell, for the petitioner. *469 Anne M. DiFonzo and John E. White, for the respondent. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined a deficiency in petitioner's Federal income tax in the amount of $8,218.08 for the taxable year 1981. The issue for decision is whether petitioner is entitled to determine his tax as an unmarried individual or as a married person filing separately. FINDINGS OF FACT Most of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioner, Kenneth V. Klementowski, was a resident of Grand Island, New York, at the time of the filing of the petition in this case. Petitioner filed his income tax return for the taxable year 1981 with the Internal Revenue Service Center in Andover, Massachusetts. On the return, petitioner claimed single filing status. Petitioner and his wife, Gail Klementowski, had begun to live apart prior to 1981. On November 20, 1980, petitioner's wife commenced an Action for Absolute Divorce against petitioner. On or about June 25, 1981, the Honorable Rudolph U. Johnson of the Erie County Supreme Court of New York issued *470 an order in the above-referenced divorce action. This order, among other things, granted temporary maintenance and temporary custody of the children of the marriage to petitioner's wife until the trial of the issues in the divorce. The order also gave exclusive possession of the marital residence to petitioner's wife. No final decree of divorce had been granted as of the trial of this case on October 23, 1984. In the notice of deficiency, respondent determined that petitioner was not entitled to single filing status nor the use of the maximum tax computation. Respondent, therefore, recomputed petitioner's tax using the married filing separate tax rates. OPINION After concessions, the issue for decision is whether petitioner is entitled to determine his tax as an unmarried individual.[1] Section 1(c) [2] imposes at a rate specified therein a tax on every individual (other than surviving spouse and head of household) who is not a married individual as defined in section 143. Section 143(a)(1) provides that the determination of whether an individual is married should be made at the close of his taxable year. Section 143(a)(2) provides that "[a]n individual legally separated *471 from his spouse under a decree of divorce or of separate maintenance should not be considered as married." Section 1.143-1(a), Income Tax Regs., which we upheld in Donigan v. Commissioner,68 T.C. 632, 634 (1977), states that "an individual shall be considered as married even though living apart from his spouse unless legally separated under a decree of divorce or separate maintenance." The question as to whether a taxpayer is legally separated under the provisions of section 143(a)(2) is to be determined in accordance with the laws of the State of the parties' marital domicile. Dunn v. Commissioner,70 T.C. 361, 366 (1978), affd. without published opinion 601 F.2d 599 (7th Cir. 1979); Capodanno v. Commissioner,69 T.C. 638 (1978), affd. 602 F.2d 64 (3d Cir. 1979). *472 In the instant case, New York is the State of the parties' marital domicile. New York law specifically provides for an Action for Separation.N.Y. Dom. Rel. Law § 200 (McKinney 1977). Here, however, Mrs. Klementowski filed an Action for Absolute Divorce. See N.Y. Dom. Rel. Law § 170 (McKinney 1977). No judgment nor decree for separation was entered by the Erie County Supreme Court. The order granted by the court was in connection with the Action for Absolute Divorce and provided for temporary maintenance and temporary child custody pending a trial on the merits of the divorce action. Petitioner argues that the court, by granting exclusive possession of the marital residence to petitioner's wife, ordered the parties to live separate and apart and thereby so changed the incidents of marriage as to constitute a legal separation within the meaning of section 143(a). A court order granting exclusive possession of the marital residence to the wife, without more, does not meet the provisions of section 143(a)(2) which require (1) a legal separation, (2) which must have been accomplished by a decree of divorce or of separate maintenance. *473 [3] Here, we have a court order which provides for only temporary maintenance pending a trial on the action for divorce and under New York law the court is empowered to grant exclusive possession of the marital property to one of the parties pending a final judgment in the case. N.Y. Dom. Rel. Law § 234 (McKinney 1977); Rauch v. Rauch,83 A.D.2d 847, 441 N.Y.S.2d 749 (1981). An interlocutory order, such as we have here, granting petitioner's wife exclusive possession of the marital home and providing temporary maintenance, is not the equivalent of a legal separation within the meaning of section 143(a)(2). [4] Petitioner is not entitled to file as an unmarried individual for taxable year 1981. Because of concessions by respondent, Decision will be entered under Rule 155.
Footnotes
1. Paragraph one of the petition filed in this case on March 5, 1984, alleges that "the Petitioner is an unmarried taxpayer * * *." Respondent's answer admitted this allegation. Petitioner in his brief infers from this answer that the Commissioner admitted that petitioner is unmarried for purposes of this case. Respondent in his reply brief argues that the admission was inadvertent and if taken at its face value would mean respondent has conceded the case. In view of the fact that the parties have tried the issue of whether petitioner is an unmarried individual for Federal tax purposes, we believe it is appropriate to deem the issue in dispute. See Rule 41(b)(1) of the Tax Court Rules of Practice and Procedure.↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
3. Kellner v. Commissioner,T.C. Memo. 1971-103, affd. per curiam 468 F.2d 627↩ (2d Cir. 1972). 4. Hill v. Commissioner,T.C. Memo. 1983-112, affd. without published opinion 723 F.2d 901↩ (4th Cir. 1983).