■ VIOLET HARRILAL, Respondent-Appellant, v DALBERT HARRILAL, Appellant-Respondent.—In an action for a divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Suffolk County (Abrams, J.), entered August 21, 1986, which granted the plaintiff wife, pendente lite, (1) custody of the parties' four minor children, (2) child support in the amount of $200 per week, (3) exclusive use and occupancy of the marital home, (4) an order of protection restraining the defendant from assaulting or

threatening the plaintiff and the parties' children, and (5) counsel fees in the amount of $1,500, and the plaintiff wife appeals from so much of an order of the same court, dated November 5, 1986, as denied her application to have a substantial portion of the defendant's share of the proceeds from the sale of the marital residence held in escrow to ensure compliance with the court's prior order directing the defendant to pay the plaintiff child support and counsel fees.

Ordered that the order entered August 21, 1986 is affirmed, and the order dated November 5, 1986 is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court, Suffolk County, properly granted the plaintiff exclusive use and occupancy of the marital residence even though it failed to conduct a hearing. The plaintiff's allegations of violent threats and conduct on the part of the defendant which were corroborated by the affidavit of the parties' adult son, Albert, sufficiently established the need for such an order to protect the safety of persons and property. This is particularly so in light of the fact that the defendant did not directly deny or contradict these allegations (see, King v King, 109 AD2d 779; De Millio v De Millio, 106 AD2d 424). While the court should have stated its reasons for awarding the plaintiff exclusive use and occupancy of the marital residence (see, Domestic Relations Law § 236 [B] [5] [f], [g]; cf., Stern v Stern, 106 AD2d 631, 632), this did not constitute reversible error in view of the fact that the record adequately supports the court's decision (see, Day v Day, 112 AD2d 972, 973; Damiano v Damiano, 94 AD2d 132, 134).

Similarly, the Supreme Court's failure to state its reasons for awarding the plaintiff custody of the four minor children, an order of protection, counsel fees and weekly child support of $200 did not constitute reversible error. The record is sufficient to permit appellate review of the order (see, Day v Day, supra; Damiano v Damiano, supra). In any event, it is well settled that the proper vehicle for correcting alleged inequities in a pendente lite order is a speedy trial (Isham v Isham, 123 AD2d 742; Sassano v Sassano, 112 AD2d 1034, 1035).

The court could not, without the mutual consent of the parties, order the sale of the marital residence (see, Kahn v Kahn, 43 NY2d 203, 210; Brady v Brady, 101 AD2d 797, 799, affd 64 NY2d 339). In this case, the parties agreed to the sale, but the defendant specifically stated that he would object to any sale arrangement under which a substantial portion of his share of the proceeds would be deposited into an escrow

account. Consequently, the court correctly refused to include such a condition in its order authorizing the sale of the marital residence. Thompson, J. P., Niehoff, Weinstein and Eiber, JJ., concur.