■ TERRY STRONG, Appellant-Respondent, v STEVEN STRONG, Respondent-Appellant.—Mikoll, J. Cross appeals from an order of the Supreme Court (Doran, J.), entered July 8, 1987 in Albany County, which partially granted plaintiff's application for pendente lite relief in a matrimonial action.

The parties were married in July 1965 and have two daugh-

ters attending college. Defendant is a real estate developer who holds an interest in approximately 18 different real estate entities. Plaintiff has not been employed outside the home during the marriage and has no marketable skills. Plaintiff claims that the marital assets are worth substantially more than $1,000,000 and that defendant's annual income is probably in excess of $300,000. Defendant puts his yearly disposable income at $75,000 to $100,000 and states that the marital assets involved in his business enterprises are nonliquid and often are part of partnership agreements.

In September 1986 defendant began to spend his weekends at Lake George in Warren County and eventually absented himself from the marital residence. Plaintiff, in this action for divorce based on the alleged cruel and inhuman treatment by defendant, moved by order to show cause for pendente lite relief including temporary spousal support of $541.46 per week, temporary child support of $500 per week, exclusive use and occupancy of the marital residence, defendant's continued payment of the mortgage, taxes, homeowner's insurance and household repairs, defendant's continued maintenance of all existing health and life insurance coverage, a preliminary injunction restricting defendant's disposition or encumbrancing of any marital assets, interim counsel fees of $5,000 and interim accounting fees of $3,000. The show cause order contained a temporary restraining order restricting the transfer or encumbrancing of marital assets.

Supreme Court partially granted plaintiff's application for pendente lite relief by awarding $300 per week temporary maintenance, $20 per week child support, directing continuance of certain requested payments, awarding interim counsel fees of $1,500 and interim accounting fees of $3,000. The court denied plaintiff's request for exclusive use and possession of the marital home, vacated the temporary restraining order in the show cause order and denied the preliminary injunction. This appeal by plaintiff ensued and defendant cross-appealed.

There should be an affirmance. Supreme Court did not abuse its discretion in awarding plaintiff $300 per week temporary maintenance and $20 per week temporary child support. Supreme Court properly denied plaintiff's motion for a preliminary injunction enjoining defendant from transferring or encumbering any marital assets without prior judicial approval. Supreme Court also acted within its discretion in its other rulings.

Both sides complain about the temporary awards of maintenance and child support. Plaintiff argues that Supreme Court

abused its discretion by failing to consider and discuss the factors provided in Domestic Relations Law § 236 (B) (6) (a), by awarding less support than defendant had voluntarily been paying and by acting without the benefit of considering a statement of defendant's net worth. Defendant opposes any increase in the awards on the grounds that Supreme Court properly considered the liquid assets held by plaintiff and defendant's continued cooperation in furnishing support to his family.

"The court need not consider each of the statutory factors applicable to maintenance determinations when considering temporary maintenance * * * The court may consider such of the factors as apply but such consideration is not mandatory" (Scheinkman, 1987 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:40 [1988 Pocket Part], at 28; see, Clancy v Clancy, 122 AD2d 563; Liss v Liss, 87 AD2d 681, 682).

Supreme Court did not abuse its discretion in awarding $300 and $20 per week for temporary maintenance and child support, respectively, in light of the facts and the simultaneous orders directing defendant to maintain all insurance policies and to maintain the mortgage, taxes, insurance and repairs on the marital residence. Temporary maintenance is only designed to take care of a plaintiff's reasonable needs pending trial and is not supposed to reflect the ultimate resolution of the issues (see, Crowley v Crowley, 120 AD2d 559). It is well established that "a prompt trial is the most efficacious means to resolve any claimed inequities" (Vallet v Vallet, 86 AD2d 741; see, Berger v Berger, 125 AD2d 285).

Plaintiff's motion for a preliminary injunction was properly denied. It appears from the record that many of the assets controlled by defendant are nonliquid and subject also to the control of defendant's partners in the real estate ventures. Plaintiff failed to establish that defendant "is attempting or threatening to dispose of marital assets so as to adversely affect the movant's ultimate rights in equitable distribution" (Guttman v Guttman, 129 AD2d 537, 539). Moreover, it also appears that the injunction sought by plaintiff would be too restrictive and would ultimately be detrimental to the assets because other business people may become wary of dealing with defendant (see, Richter v Richter, 131 AD2d 453, 455). Supreme Court's direction that defendant give notice to plaintiff's attorney when marital assets are affected by certain actions is a reasonable method of ensuring that the marital

assets will be ascertainable at the time of ultimate distribution.

We also find no abuse of discretion in Supreme Court's award of interim counsel and accounting fees *(see,* Domestic Relations Law § 237 [a]; *Burke v Burke,* 118 AD2d 1022, 1023; *see also, Ahern v Ahern,* 94 AD2d 53, 58). Finally, Supreme Court properly denied plaintiff's request for pendente lite exclusive use and occupancy of the marital residence. Generally, "exclusive possession of the marital home, *pendente lite,* should not be ordered prior to a hearing unless there is a showing that such possession is necessary to protect the safety of persons and property" *(Vallet v Vallet,* 86 AD2d 741, *supra).* There is no such showing here.

We have considered the parties' other arguments of error and find them to be without merit.

Order affirmed, without costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.