■ PATRICK P. DeLUCIA, Respondent, v JUDITH E. DeLUCIA, Appellant.—Harvey, J. Appeal from an order of the Supreme Court (Doran, J.), entered June 17, 1988 in Albany County, which denied defendant's motion for temporary exclusive use and possession of the marital residence.

The parties are married and have two minor daughters. A divorce action was commenced, the parties were granted temporary joint custody of the children, and eventually defendant made this motion for temporary exclusive use and possession of the marital residence where plaintiff now resides. In support of her motion, defendant submitted several affidavits alleging, *inter alia,* that plaintiff was acting irrationally and had threatened to buy a gun and "take care of" those who were acting unjustly toward him. In addition, plaintiff took their daughter out of school and enrolled her in another school district where plaintiff had allegedly rented an apartment, all without defendant's knowledge. Defendant points out that these actions resulted in the granting of a temporary order revoking the prior joint custody order and vesting custody in defendant. Defendant also avers that she had to pay several mortgage payments on the marital residence that plaintiff had allowed to fall into arrears while he planned to rent the premises to someone else and pocket the proceeds in an attempt to diminish the marital assets.

In one of plaintiff's affidavits in opposition to the motion, he points out that since the time defendant made her motion a psychologist appointed by Family Court had found him to be harmless, the previous joint custody arrangement had been restored, their daughter was reenrolled at her original school and he had reestablished his residency in the marital abode. Plaintiff explains that his financial position had eroded due to legal fees and he had planned only to rent the marital home so that he could afford to make the mortgage payments himself. The other affidavits and evidence submitted by the parties mainly detailed disputes over finances and the original causes of the marital disharmony. Supreme Court denied defendant's motion and this appeal ensued.

We affirm. "As a general rule, exclusive possession of the marital home, *pendente lite,* should not be ordered prior to a hearing unless there is a showing that such possession is necessary to protect the safety of persons and property" *(Vallet v Vallet,* 86 AD2d 741; *see, Strong v Strong,* 142 AD2d 810, 813). Upon our examination of the record in this case, we cannot say that Supreme Court abused its discretion in denying defendant's motion. In light of plaintiff's unrefuted

affidavit in which he states that the temporary order of joint custody was reinstated and that a court-appointed psychologist had found him to be neither a danger to himself nor others, there is insufficient evidence to show that defendant's possession of the marital home is necessary to protect the safety of defendant or their minor children (see, Tessitore v Tessitore, 140 AD2d 786, 787). Nor is there sufficient evidence demonstrating that plaintiff is attempting to dissipate the marital assets in order to jeopardize the parties' equitable distribution (see, St. Angelo v St. Angelo, 130 Misc 2d 583, 584).

There is no showing of sufficient calendar congestion to indicate that all disputed matters may not be determined in the near future.

Order affirmed, without costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.