■ SUSAN PRESTON, Appellant, v ROBERT PRESTON, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated June 20, 1988, as (1) denied, without a hearing, that branch of her motion which was for exclusive occupancy of the marital residence, (2) denied that branch of her motion which was to hold the defendant husband in contempt of court, (3) granted her only $1,750 for accounting fees, and (4) referred that branch of her motion which was for interim attorney's fees to the trial court.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleged three separate incidents of violence involving the defendant and each of their three children, ages 11 to 16. These allegations were not supported by medical evidence or by corrobative third-party affidavits. She also alleged that the defendant's extramarital affair and sporadic residence (two nights per week) in the marital home had created a disruptive and tense environment which was detrimental to her and the children. The defendant, however,

denied being involved in any violent incidents with the children and explained that he had not moved out of the marital home, leaving only for temporary periods at the plaintiff's insistence that she needed "breathing space" or "some time alone."

The plaintiff now challenges the denial of her application for exclusive occupancy of the marital residence, pendente lite. We find her argument unpersuasive.

Exclusive occupancy may be awarded upon a showing that a spouse's presence has caused domestic strife and that that spouse has voluntarily established an alternative residence (see, Kristiansen v Kristiansen, 144 AD2d 441; Wolfe v Wolfe, 111 AD2d 809). The plaintiff's allegations were insufficient to require a hearing on the issue, let alone to establish her right to temporary exclusive occupancy.

A second ground to exclude one of the parties from the marital residence during the pendency of a matrimonial action is a showing that such relief is necessary to protect the safety of persons or property (see, Waldeck v Waldeck, 138 AD2d 373; Goodson v Goodson, 135 AD2d 604; Wesler v Wesler, 133 AD2d 627; Tillinger v Tillinger, 120 AD2d 584; Blumenfeld v Blumenfeld, 96 AD2d 895; Harkavy v Harkavy, 93 AD2d 879; Hite v Hite, 89 AD2d 577; Siegal v Siegal, 74 AD2d 867; Scampoli v Scampoli, 37 AD2d 614). Such relief may be properly awarded without a hearing upon a sufficient showing that requires a party's allegations of violent threats or conduct be supported by evidence of prior police intervention (see, Blumenfeld v Blumenfeld, supra), the existence of a court order of protection (see, De Millio v De Millio, 106 AD2d 424; Minnus v Minnus, 63 AD2d 966), uncontroverted medical evidence (see, King v King, 109 AD2d 779), or corroborative third-party affidavits (see, Harrilal v Harrilal, 128 AD2d 502; De Millio v De Millio, supra; Blumenfeld v Blumenfeld, supra). Because the plaintiff's papers did not include such supporting evidence, they did not establish her right to temporary exclusive occupancy of the marital residence so as to permit the court to grant her that relief.

A hearing is generally required where, as here, the parties' affidavits are sharply contradictory (see, Harkavy v Harkavy, supra). In the circumstances at bar, however, where the plaintiff's allegations of violence on the defendant's part all involved the children and the children were leaving for summer camp, the court did not improvidently exercise its discretion when it denied the application with leave to renew upon the children's return.

With respect to the defendant's contentions concerning attorney's and accountant's fees, we find that the court did not improvidently exercise its discretion. The record, upon an evaluation of all the relevant factors *(see, Ahern v Ahern,* 94 AD2d 53), supports the determination of the court to grant the plaintiff interim accountant's fees to a limited extent and to refer the issue of attorney's fees to the trial court *(see, Goodson v Goodson,* 135 AD2d 604, *supra).*

Finally, the plaintiff's contention concerning the application to punish the defendant for contempt is also without merit, since the plaintiff failed to establish that the defendant's delay in serving answers to the interrogatories was willful *(see,* CPLR 3126; *Miller v Duffy,* 126 AD2d 527, 528; *Delaney v Automated Bread Corp.,* 110 AD2d 677, 678; *Cinelli v Radcliffe,* 35 AD2d 829). Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.