■ WANZEL J. GROGG, Appellant, v ANTOINETTE M. GROGG, Respondent.—Weiss, J. Appeal from an order of the Supreme Court (Dier, J.), entered January 31, 1989 in Warren County, which, *inter alia*, continued a prior order granting defendant exclusive possession of the marital residence and awarded child support pendente lite.

In this divorce action, plaintiff appeals from a pendente lite order which granted defendant's motion for exclusive occupancy of the marital home and further ordered plaintiff to pay temporary child support of $125 weekly. In her affidavits, defendant has alleged that plaintiff broke into the marital home during her absence and removed furniture, appliances, tools, camping equipment and some personal possessions be-

longing to her and their son. She has also alleged serious marital discord and financial need.

Ordinarily, exclusive possession of a marital residence will not be ordered unless there is a showing that such possession is necessary to protect the safety of persons or property *(Kilmer v Kilmer,* 109 AD2d 1004; *Freihofer v Freihofer,* 91 AD2d 815; *Gandelman v Gandelman,* 90 AD2d 494; *Hite v Hite,* 89 AD2d 577; *Vallet v Vallet,* 86 AD2d 741). However, the standard for granting exclusive possession is not so inflexible as to exclude any circumstances warranting judicial intervention *(Delli Venneri v Delli Venneri,* 120 AD2d 238). The presence of marital strife can be a recognized standard for an award of exclusive possession *(supra,* at 240; *see also, Wolfe v Wolfe,* 111 AD2d 809). On the facts adduced, it was not an improvident exercise of discretion for Supreme Court to award defendant exclusive possession of the marital home prior to trial *(cf., Scampoli v Scampoli,* 37 AD2d 614).

Nor do we find evidence sufficient to hold that Supreme Court abused its discretion in awarding child support of $125 per week on a temporary basis. Defendant has alleged her financial need and that of her son, as well as plaintiff's ability to pay child support. It has been consistently held that the best solution for perceived inequities in pendente lite support is an early trial *(Schlosberg v Schlosberg,* 130 AD2d 735; *Harrilal v Harrilal,* 128 AD2d 502; *Berger v Berger,* 125 AD2d 285).

Order affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.