■ LAZLO KARAKAS, Appellant, v JUDITH KARAKAS, Respondent.—In an action for divorce and ancillary relief, the plaintiff husband appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Katz, J.), dated January 12, 1989, as granted that branch of the defendant wife's motion which was for an order of protection, and, *sua sponte,* awarded her exclusive occupancy of the marital residence, pendente lite.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the case is remitted to the Supreme Court, Queens County, for a hearing in accordance herewith; and it is further,

Ordered that the parties avoid all contact with each other pending determination of that branch of the defendant's motion which was for an order of protection against the plaintiff.

The defendant, whose prior application for temporary exclusive occupancy *(see,* Domestic Relations Law § 234) was denied without a hearing and without explanatory comment, thereafter made application, *inter alia,* for an order of protection *(see,* Domestic Relations Law § 252). Her later application was premised, in part, on the allegation that the plaintiff had

raped her, an allegation evidently made in support of the earlier application as well. The plaintiff, who successfully cross-moved for an order of protection, vehemently denied all of the defendant's allegations. The record otherwise establishes that the parties are blatantly hostile to and bitter about each other. In addition to granting the defendant's motion for an order of protection, the court, which had denied her prior application for exclusive occupancy of the marital residence, *sua sponte,* directed that she have exclusive occupancy of that residence.

Under these circumstances the plaintiff has not been deprived of either notice or an opportunity to be heard. Moreover, given the acrimonious nature of the parties' relationship, some form of protective relief is appropriate *(cf., Yecies v Yecies,* 108 AD2d 813). However, because the affidavits submitted on the motion and cross motion for orders of protection were in sharp conflict, evidentiary inquiry should have been made prior to any determination that it was necessary for a spouse to vacate the marital residence or that "all contact" between the parties must be avoided *(see, Preston v Preston,* 147 AD2d 464). We therefore remit the matter to Supreme Court, Queens County, for an immediate hearing on all the issues relating to the exclusive occupancy of the marital residence, and the wife's application for an order of protection. We deem it advisable, however, to preserve the status quo as it now exists regarding the parties' avoidance of contact with each other pending that determination. Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.