■ CAROL COONS, Appellant, v RONALD COONS, Respondent. —Kane, J. P. Appeal from an order of the Supreme Court (Cobb, J.), entered October 18, 1989 in Greene County, which, *inter alia,* denied plaintiff's motion for certain interim relief.

The parties were married in December 1976 and have produced one child, born March 11, 1981. In August 1989 both parties commenced separate actions for divorce which have been subsequently joined. Plaintiff also sought relief pendente lite which included temporary custody, maintenance, child support, exclusive possession of the marital home, injunctions pertaining to defendant's assets and life insurance, as well as accounting, appraisal and legal fees. Supreme Court denied plaintiff the interim relief sought with the exception of an injunction regarding the disposition of assets. Plaintiff now appeals.

We affirm. Upon examination of the record, we conclude that Supreme Court did not abuse its discretion in denying the greater part of plaintiff's motion. The parties still reside together at the marital home and plaintiff has failed to establish that temporary support or maintenance is necessary inasmuch as defendant continues to pay for her reasonable needs *(see, Strong v Strong,* 142 AD2d 810, 812; *Crowley v Crowley,* 120 AD2d 559). Nor has there been a showing that exclusive possession of the marital home is "necessary to protect the safety of persons and property" *(Vallet v Vallet,* 86 AD2d 741; *see, DeLucia v DeLucia,* 146 AD2d 926; *Strong v Strong, supra,* at 813).

We also find nothing in the record that demonstrates an abuse of discretion in denying plaintiff's motion for interim accounting, appraisal and legal fees. Such interim awards are not routinely granted *(see, Dzembo v Dzembo,* 160 AD2d 1144) and where the record reveals conflicting views of the parties' financial situations, as is presented here, any alleged improprieties in the temporary award are best remedied at trial *(see, Chyrywaty v Chyrywaty,* 102 AD2d 1009).

We have examined plaintiff's remaining arguments and find them to be without merit. Nothing in the record demonstrates that this action may not be determined in the near future and we urge the parties to take those steps necessary to bring this matter to trial as soon as practicable.

Order affirmed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.