ROBERT E. IULIANO, Appellant, v LORRAINE IULIANO, Respondent. [817 NYS2d 174]—

Mugglin, J. Appeal from an order of the Supreme Court (Krogmann, J.), entered April 1, 2005 in Warren County, which, inter alia, granted defendant's cross motion for exclusive use and possession of the marital residence and found certain provisions in the parties' prenuptial agreement to be unconscionable.

In this matrimonial action, plaintiff sought an order granting him exclusive possession of the parties' marital residence. Defendant cross-moved for the same relief and a declaration that the parties' prenuptial agreement executed on July 31, 1997 (the day before they were married) is invalid. Following an evidentiary hearing, Supreme Court granted defendant exclusive possession of the marital residence, denied defendant's cross motion for rescission of the prenuptial agreement, and determined that the provisions thereof relating to separate assets were unconscionable. Plaintiff appeals.

First, we discern no basis upon which to disturb Supreme Court's discretionary award of exclusive possession of the mari-

tal residence to defendant. The extensive testimony concerning this issue clearly demonstrates the existence of marital strife between the parties requiring an award of exclusive possession to insure the personal safety of the parties (*see Weiglhofer v Weiglhofer*, 1 AD3d 786, 787 [2003]; *Grogg v Grogg*, 152 AD2d 802, 803 [1989]). Further, in light of the disparate financial circumstances of the parties, we conclude that the award of exclusive possession to defendant is proper.

As to the prenuptial agreement, we note that Supreme Court's decision and order contains no decretal paragraph. Nevertheless, the decision is clear that Supreme Court made two rulings. First, it denied defendant's cross motion to set aside the prenuptial agreement on the ground that an action for rescission has a six-year statute of limitations and defendant's claim is now time-barred. While a separate action for rescission is so governed, "defendant is not time-barred from challenging the validity of the prenuptial agreement because this particular argument arises from, and directly relates to, plaintiff's claim that the agreement precludes equitable distribution of his assets. It is axiomatic that claims and defenses that arise out of the same transaction as a claim asserted in the complaint are not barred by the [s]tatute of [l]imitations, even though an independent action by defendant might have been time-barred at the time the action was commenced" (*Bloomfield v Bloomfield*, 97 NY2d 188, 192-193 [2001] [citations omitted]; *see* CPLR 203 [d]). Thus, to this extent, defendant's claim survives.

Supreme Court also found those provisions of the prenuptial agreement that relate to waiver of interest in separate assets to be unconscionable based on a lack of full disclosure by plaintiff. We find no factual support in this record for Supreme Court's conclusion that plaintiff failed to fully disclose his assets. His unrefuted testimony is that schedule A is a complete list, except for his personal clothing. Consequently, the court's declaration that the agreement is unconscionable must be reversed.

The sixth affirmative defense in the answer claims the prenuptial agreement to be invalid as the product of duress and emotional coercion and because defendant had no opportunity to review the agreement with counsel and there was insufficient financial disclosure. Since Supreme Court addressed only unconscionability based on the lack of full disclosure and there appears to be questions of fact with respect to the additional grounds raised in the sixth affirmative defense, the resolution of these issues will best be determined at trial.

Crew III, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law and the facts,

without costs, by reversing so much thereof as declared the prenuptial agreement to be unconscionable for plaintiff's failure to disclose assets, and, as so modified, affirmed.