■ MARSHAWN DICKSON, Respondent, v ANGELA MAJETTE, Appellant. [858 NYS2d 715]—In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Tolbert, J.), entered August 8, 2007, as denied that branch of her motion which was for temporary exclusive possession and occupancy of the parties' residence in Elmsford, New York.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff and the defendant married in 1999 and lived with their nine-year-old son in a three-bedroom cooperative apartment in Hartsdale, New York. The defendant removed herself and the parties' son from the Hartsdale apartment in 2006 and relocated to the parties' recently purchased seven-bedroom house in Elmsford, New York, which was not yet occupied.

Based on a temporary order of protection issued by the Family Court, which barred the plaintiff from the defendant's home, the defendant moved for temporary exclusive possession and occupancy of the Elmsford house as the parties' "marital" residence, alleging that the plaintiff had established an alternative residence in their Hartsdale apartment.

The Supreme Court providently exercised its discretion in finding that the Hartsdale apartment was the marital residence because the parties had lived there as husband and wife, and in denying that branch of the defendant's motion which was for temporary exclusive possession and occupancy of the parties' residence in Elmsford (*see* Domestic Relations Law §§ 234, 236 [B] [5] [f]; *cf. Richards v Richards,* 130 AD2d 642 [1987]; *De Millio v De Millio,* 106 AD2d 424 [1984]; *Minnus v Minnus,* 63 AD2d 966 [1978]).

The defendant's remaining contentions are without merit. Mastro, J.P., Skelos, Lifson and Leventhal, JJ., concur.