■ JACOB CHACHKES, Appellant, v ADRIENNE CHACHKES, Respondent. — In a matrimonial action, the plaintiff husband appeals, as limited by his brief, (1) from so much of an order of the Supreme Court, Westchester County (Martin, J.), dated March 15, 1984, as granted defendant's motion for spousal maintenance *pendente lite,* ordering him to pay all expenses reasonably connected with the marital residence as well as $125 per week, and (2) from so much of a further order of the same court entered April 5, 1984, as, upon renewal and reargument, reduced the weekly maintenance payments to only $75 per week and otherwise adhered to its original determination.

Appeal from the order dated March 15, 1984, dismissed, without costs or disbursements. That order was superseded by the order entered April 5, 1984, which was entered upon renewal and reargument.

Order entered April 5, 1984, modified on the facts, by setting the award of temporary maintenance to defendant at $250 per week and deleting the direction that plaintiff pay all reasonable expenses connected with the marital home. As so modified, order entered April 5, 1984 affirmed insofar as appealed from, without costs or disbursements. The order dated March 15, 1984, is modified accordingly.

Ordinarily, the proper remedy for inequities in an order of support *pendente lite* is a speedy trial (*Rossman v Rossman,* 91 AD2d 1036; *Marcus v Marcus,* 91 AD2d 991). Nonetheless, when the ordered support payments are so prohibitive as to strip the payor spouse of income and assets necessary to meet his or her

own expenses, relief may be granted in the interest of justice (cf. *Colabella v Colabella,* 86 AD2d 643). Such orders need not, however, comply with the provisions of section 236 (part B, subd 6, par b) of the Domestic Relations Law requiring that the court "set forth the factors it considered and the reasons for its decision" (*Belfiglio v Belfiglio,* 99 AD2d 462; *Berley v Berley,* 97 AD2d 726). The court's primary concern in relation to motions for temporary maintenance is the respective financial conditions of the parties and the movant's needs for support pending trial (*Jorgensen v Jorgensen,* 86 AD2d 861). Upon this record, with these considerations in mind, a total support payment of $250 per week is sufficient to meet defendant's needs.

Plaintiff's contention that Special Term's failure to consider his allegations of fraudulent transfers of marital assets by defendant requires reversal of the orders appealed from is without merit. Plaintiff twice brought these allegations to Special Term's attention and there is no evidence in the record that the court failed to consider them. In addition, plaintiff did not request any affirmative relief. His proper remedy for these alleged fraudulent transfers is to seek an injunction against any further transfers of the disputed funds by defendant (Domestic Relations Law, § 234; see *Leibowits v Leibowits,* 93 AD2d 535) and to seek to set aside the transfers pursuant to section 273 of the Debtor and Creditor Law (see, e.g., *Soldano v Soldano,* 66 AD2d 839). Thompson, J. P., Bracken, Brown and Rubin, JJ., concur.