◼ KATHLEEN M. BROSCHART, Respondent, v THOMAS A. BROSCHART, Appellant. — In a matrimonial action in which the defendant husband moved, *inter alia,* for a change in child custody, and the plaintiff wife cross-moved, *inter alia,* for an increase in child support, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Miller, J.), dated May 14, 1984, as awarded plaintiff $2,500 in counsel fees.

Order affirmed insofar as appealed from, with costs.

The record amply supports the amount of the counsel fees awarded to plaintiff's attorney. We further note that the stipulation of the parties as to the manner in which the dispute over counsel fees was to be resolved, which was apparently drafted by defendant's attorney, relieved plaintiff of the requirement of full technical compliance with 22 NYCRR 699.11. Mollen, P. J., Titone, Lazer and Thompson, JJ., concur.

◼ BEVERLY CICIO, Appellant, v PHILLIP CICIO, Respondent. — In a matrimonial action, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Stolarik, J.), dated June 29, 1984, as awarded her only $40 per week for temporary maintenance and $50 per week for child support.

Order affirmed insofar as appealed from, without costs or disbursements.

In light of the parties' respective financial conditions and the immediate financial needs of plaintiff, the award was adequate (*Rossman v Rossman,* 91 AD2d 1036). Moreover, the proper remedy for inequities in an order of support pendente lite is a speedy trial (*see, Chachkes v Chachkes,* 107 AD2d 786; *Rossman v Rossman, supra*). Gibbons, J. P., Bracken, O'Connor and Brown, JJ., concur.