■ ROSETTA GROSS, Appellant, v IRVING A. GROSS, Respondent.—In a matrimonial action, the plaintiff wife appeals (1) from so much of an order of the Supreme Court, Queens County (Miller, J.), dated February 29, 1984, as (a) awarded her pendente lite maintenance in the sum of $200 a week, (b) awarded her interim counsel fees in the sum of $3,750, (c) failed to direct the defendant husband to sign written consents for disclosure of certain court documents, bank account records, income tax returns and utility service information, (d) failed to direct the defendant to provide life insurance naming her as the irrevocable beneficiary, (e) failed to award her a sum for certain automobile and repair expenses, and (f) denied her request for expert's fees without prejudice to renew upon the submission of affidavits of proof regarding the purported need for expert services; and (2) from an order of the same court (Calabretta, J.), dated March 26, 1984, which vacated a notice of pendency filed by her.

Orders affirmed, without costs or disbursements.

In light of the parties' respective financial conditions and the immediate financial needs of plaintiff, the maintenance award was adequate *(see, Cicio v Cicio,* 109 AD2d 813). Furthermore, the proper remedy for inequities in an order of

support pendente lite is a speedy trial *(Cicio v Cicio, supra; see, Chachkes v Chachkes,* 107 AD2d 786).

Special Term did not abuse its discretion by declining to direct defendant to sign various consents with regard to bank accounts, etc. *(see, Minnick v Minnick,* 109 AD2d 871, 872). The purpose of the broad discovery devices allowable under Domestic Relations Law § 236 (B) (4) is, *inter alia,* to "uncover hidden assets of the marriage, and generally gather any information bearing on the issue of equitable distribution" *(Lobatto v Lobatto,* 109 AD2d 697, 699). Plaintiff, not having availed herself of such discovery devices, cannot now complain that more compelling measures are necessary, especially in view of the "full panoply of sanctions provided for in CPLR 3126 if she believes the circumstances warrant a further request for relief as discovery proceeds" *(Minnick v Minnick, supra,* at p 872).

The notice of pendency filed against defendant's residence was properly vacated. The filing of a notice of pendency is an extraordinary privilege available only if the judgment demanded *would* affect the title to, or the possession, use or enjoyment of, real property *(Chambi v Navarro, Vives & Cia,* 95 AD2d 667; *Doar v Kozick,* 87 AD2d 603; CPLR 6501; *see, 5303 Realty Corp. v O & Y Equity Corp.,* 64 NY2d 313). The fact that plaintiff may be entitled to an equitable distribution with regard to the residence does not give rise to such a privilege. Plaintiff's remedy to prevent any alleged fraudulent transfers was to seek an injunction against any further transfers of the disputed property *(see, Chachkes v Chachkes,* 107 AD2d 786, 787, *supra;* Domestic Relations Law § 234). In fact, such an injunction was granted.

We have examined plaintiff's remaining contentions and find them to be without merit. O'Connor, J. P., Niehoff, Lawrence and Kooper, JJ., concur.