■ JOEL M. BERGER, Appellant, v RENEE BERGER, Respondent.—In an action for divorce and ancillary relief, the plaintiff husband appeals (1) as limited by his notice of appeal and brief, from stated portions of an order of the Supreme Court, Queens County (Berkowitz, J.), dated December 19, 1985, which, *inter alia,* granted the defendant wife's application for pendente lite relief to the extent of directing him to make weekly maintenance payments in the sum of $200 and child support payments in the sum of $250 per week, to pay all carrying charges on the marital premises, to pay telephone charges to the extent of $50 per month, and to pay all charges associated with the education of the infant issue of the parties; and (2) as limited by his brief, from so much of an order of the same court (Berkowitz, J.), dated February 4, 1986, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated December 19, 1985, is dismissed, as that order was superseded by the order dated February 4, 1986, made upon reargument; and it is further,

Ordered that the order dated February 4, 1986, is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

Ordinarily, appeals from the granting of pendente lite relief are not favored inasmuch as it is clearly more expedient and less consuming of both judicial time and that of the attorneys if counsel would promptly proceed to trial *(see, Hildenbiddle v Hildenbiddle,* 110 AD2d 819, 820; *Epstein v Epstein,* 48 AD2d

792; *Singh v Singh,* 41 AD2d 914). This is particularly true in a case such as the instant one where the affidavits and supporting documents present sharply conflicting views of the financial situation of the parties and a speedy trial would permit prompt examination of the facts in far greater detail and allow a more accurate appraisal of the situation of the parties than can be made on a motion for temporary relief *(see, Chyrywaty v Chyrywaty,* 102 AD2d 1009; *Woram v Woram,* 78 AD2d 796).

Under the circumstances, a speedy trial is the most effective means of resolving any claimed inequities in this regard *(see, Liss v Liss,* 87 AD2d 681, 682). Thompson, J. P., Niehoff, Weinstein and Spatt, JJ., concur.