■ LINDA SCAGNELLI, Respondent, v LOUIS SCAGNELLI, Appellant.—In a matrimonial action, the defendant husband appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Westchester County (Martin, J.), entered April 16, 1986, as (a) denied his cross motion to modify so much of a prior order of the same court (Dachenhausen, J.), entered May 3, 1984, as directed that he pay the plaintiff wife $300 per week in temporary maintenance and child support, and (b) granted the wife's motion for leave to enter a money judgment for arrears in temporary maintenance and child support, and awarded her counsel fees and accountant's fees; and (2) so much of an order of the same court, entered May 5, 1986, as denied his motion for retroactive downward modification of temporary maintenance and child support.

Ordered that the orders are affirmed insofar as appealed from, with costs.

In August 1983, the plaintiff wife commenced this action for a divorce and ancillary relief. On May 3, 1984, the plaintiff was awarded pendente lite relief of maintenance and child support, and on June 13, 1984, a judgment of divorce was entered upon the default of the defendant husband. The judgment severed and continued all ancillary issues relating to the action (including maintenance and child support). After a period of time elapsed during which the defendant husband did not make any monthly maintenance and child support payments as required by the order, the plaintiff wife moved by order to show cause, *inter alia,* to enforce the May 1984 order

by directing the entry of a judgment for the amount of the arrears in maintenance and child support. The plaintiff also requested counsel fees for the order to show cause and accountant's fees to evaluate the defendant husband's delicatessen business. Affidavits from both the attorney and the accountant were included with the application. The defendant husband opposed the motion and cross-moved for downward modification of the maintenance and child support award retroactively from the effective date of the order.

The court, *inter alia,* granted the plaintiff wife's motion, awarded her a judgment for maintenance and support arrears, and awarded her accountant's fees and counsel fees. The defendant husband's cross motion was denied in all respects.

With respect to the award of counsel fees for the order to show cause, Domestic Relations Law § 244 provides that if a party defaults in making payments required by an order directing the same, the aggrieved party may seek enforcement of the order by moving for leave to enter a judgment for the amount of such arrears. Additionally, in any enforcement proceeding pursuant to Domestic Relations Law § 244, the court may, in its discretion, require either party to pay the counsel fees and expenses of the other *(see,* Domestic Relations Law § 238; *Fabrikant v Fabrikant,* 19 NY2d 154). In this case, the court did not act improperly in awarding counsel fees for the enforcement motion.

As to the award of accountant's fees, the plaintiff wife's application for those fees properly set forth the nature of the property involved, the difficulties in evaluating it, and her financial status. Additionally, an affidavit from a reputable accountant setting forth the services to be rendered and an estimate of the time involved accompanied the application *(cf., Ahern v Ahern,* 94 AD2d 53, 58). Thus, the court did not abuse its discretion by awarding accountant's fees.

Finally, the court properly denied the defendant husband's cross motion for retroactive downward modification of the amounts of maintenance and child support set forth in the May 3, 1984 order. When the plaintiff wife moved for enforcement of that order, the court was required to "make an order directing the entry of judgment for the amount of arrears * * * unless the defaulting party show[ed] good cause for failure to make application for relief from the * * * order * * * *prior to the accrual of such arrears"* (Domestic Relations Law § 244, emphasis added). In this case, the defendant husband made no such showing. As to future pendente lite payments, any determination with respect to downward modi-

fication of maintenance and child support pursuant to Domestic Relations Law § 236 (B) (9) (b) rests with the discretion of the court, and the burden is upon the movant to demonstrate an unforeseen, substantial change in circumstances sufficient to warrant such a downward modification *(see, Ardito v Ardito,* 97 AD2d 830, 831). The defendant herein failed to meet this burden.

In conclusion, we note that the proper remedy for claimed inequities, in an order of support pendente lite is a speedy trial *(see, Berger v Berger,* 125 AD2d 285; *Cicio v Cicio,* 109 AD2d 813; *Chachkes v Chachkes,* 107 AD2d 786). Mangano, J. P., Bracken, Niehoff and Eiber, JJ., concur.