■ Peter Picciano, Respondent, v Sarah Picciano, Appellant.—In a matrimonial action, the defendant wife appeals

from an order of the Supreme Court, Suffolk County (Yachnin, J.), entered September 30, 1986, which granted the plaintiff husband a protective order limiting financial discovery "to the period of the signing of the separation agreement".

Ordered that the order is affirmed, with costs.

On the record presented in this action for a conversion divorce the Supreme Court properly limited the financial disclosure sought by the wife to the time of the signing of the separation agreement. Although a challenge to the support provisions of a separation agreement as not fair or reasonable when made and unconscionable at the time of entry of final judgment, pursuant to Domestic Relations Law § 236 (B) (3) (3), may require examination of the parties' relative financial circumstances at the time of trial as well as at the time of execution of the agreement, the wife is not entitled to unrestricted financial disclosure. Rather, the competing interest of the parties and the need to give effect to existing agreements unless and until they are set aside requires the party seeking disclosure to establish a legitimate factual predicate for the relief sought (see, Oberstein v Oberstein, 93 AD2d 374). While the wife has asserted sufficient facts to warrant time-of-execution disclosure, her current unconscionability claim, which is premised upon her voluntary depletion of assets subsequent to execution of the agreement by giving moneys to her adult children, does not present a proper basis for time-of-trial disclosure. Mangano, J. P., Brown, Lawrence, Weinstein and Kunzeman, JJ., concur.