■ ETHEL P. ROSS, Respondent-Appellant, v STEPHEN ROSS, Appellant-Respondent.—In an action for a divorce and ancillary relief, (1) the defendant husband appeals from so much of an order of the Supreme Court, Westchester County (Delaney, J.), entered April 23, 1987, as (a) denied his cross motion for summary judgment dismissing the complaint, and (b) granted that branch of plaintiff wife's motion which was for an order directing him to remove his dog from the marital premises pending trial of the action; and (2) the plaintiff wife cross-appeals, as limited by her brief, from so much of the same order as (a) denied that branch of her motion which was for exclusive occupancy and possession of the marital residence pending trial, (b) limited her pendente lite maintenance to $100 per week, (c) directed her to continue making mortgage and tax payments on the marital home, and (d) denied that branch of her motion which was for pendente lite counsel fees and engineer's fees and denied without prejudice to renewal that branch of her motion which was for an award of accountant's fees.

Ordered that the order is modified, by deleting the provision thereof which directed the plaintiff to continue making mortgage and tax payments on the marital home and substituting therefor a provision directing her to pay only 50% of the mortgage and tax payments and directing the defendant to make 50% of the mortgage and tax payments; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the husband's present contentions, we discern no error in the court's determination that the allegations in the wife's complaint are sufficient to make out a cause of

action for divorce on the ground of cruel and inhuman treatment, and we further conclude that the husband was not entitled to summary judgment. Despite the lengthy marriage of the parties *(see, Brady v Brady,* 64 NY2d 339; *Hessen v Hessen,* 33 NY2d 406), the wife's allegations, if proven to be true, would suffice to establish serious misconduct on the part of her husband which so endangers her physical and mental well-being as to render cohabitation unsafe or improper (see, Domestic Relations Law § 170 [1]; *see, e.g., Chinnis v Chinnis,* 119 AD2d 965; *Weilert v Weilert,* 115 AD2d 473; *Pfeil v Pfeil,* 100 AD2d 725; *Forcucci v Forcucci,* 96 AD2d 751). We note in this regard that there is no legal requirement that the wife allege actual physical violence on the part of her husband in support of her claim *(see, Meyn v Meyn,* 119 AD2d 644; *Bulger v Bulger,* 88 AD2d 895). Similarly, the husband failed to establish a prima facie entitlement to summary judgment *(see generally, Winegrad v New York Univ. Med. Center,* 64 NY2d 851), and, in any event, the allegations of the wife, when combined with the supporting affidavits of her two treating physicians, sufficed to raise triable issues of fact regarding the merits.

The parties' contentions with respect to the court's treatment of the wife's motion for pendente lite relief are generally unavailing. The court's direction that the husband remove his dog from the marital residence pending the trial of the action was a sound exercise of discretion in view of the substantial medical evidence adduced by the wife which demonstrated that she suffers from severe and potentially debilitating allergies. Likewise, the court did not err in denying the wife's request for exclusive possession and occupancy of the marital home, as she failed to demonstrate that such an award was necessary in order to protect the safety of persons or property *(see, Blumenfeld v Blumenfeld,* 96 AD2d 895; *Harkavy v Harkavy,* 93 AD2d 879; *Hite v Hite,* 89 AD2d 577).

The court's conclusion that the wife was entitled to receive the sum of $100 per week as temporary maintenance was not improper under the circumstances presented. However, we find that the wife should be required to pay only 50% of the mortgage and tax expenses on the marital residence pending trial in light of our review of the parties' respective financial earnings and obligations.

Furthermore, we remind the parties that the most efficient remedy for addressing any perceived inequities in the court's award of pendente lite relief is a prompt trial of the various

issues presented herein *(see, Perelman v Perelman,* 110 AD2d 629; *Erdheim v Erdheim,* 101 AD2d 803).

Finally, we discern no error upon the present record in the court's denial of the wife's requests for counsel and engineering fees and denial of accounting fees without prejudice to renewal based on determination of need.

Motion by the plaintiff wife to modify a prior order of this court, dated June 23, 1987, so as to relieve her of all mortgage and tax payments pending determination of an appeal and cross appeal from an order of the Supreme Court, Westchester County (Delaney, J.), entered April 23, 1987.

Ordered that the motion is denied as academic.

The appeal is decided herewith. Lawrence, J. P., Rubin, Harwood and Balletta, JJ., concur.