■ GEORGE KURPPE, Appellant, v FRANCES C. KURPPE, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals from so much of an order of the Supreme Court, Nassau County (Diamond, J.), dated July 21, 1988, as upon the parties' respective motions for pendente lite relief, *inter alia,* (1) granted the defendant wife a temporary order of protection and denied his request for such an order against the wife, (2) granted the wife temporary exclusive occupancy of the marital residence, (3) directed him to make maintenance payments of $125 per week and child support payments of $200 per week, (4) directed him to pay the carrying charges on the marital home; to maintain existing

health, homeowners, life and automobile insurance for the benefit of the wife and children; to pay the unreimbursed medical and dental expenses of the wife and children and to pay the college expenses of the child, Frances, and (5) directed him to open a bank account for the family-held corporation which requires the signatures of both parties on all checks drawn on the account.

Ordered that the order is modified by deleting the provision thereof which directed the husband to open a bank account for the family-held corporation which requires the signatures of both parties on all checks drawn on the account; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

As a general rule, exclusive occupancy of the marital residence should not be awarded to a party prior to trial and without a hearing unless there is sufficient evidence that such an award is necessary to protect the safety of persons and property (see, e.g., Waldeck v Waldeck, 138 AD2d 373; Ross v Ross, 137 AD2d 800; Harkavy v Harkavy, 93 AD2d 879). Here the Supreme Court reasonably concluded that a temporary award of exclusive occupancy was necessary to protect the safety of members of this family.

Each party accused the other of physical assaults, which included allegations that the wife's hand was broken and that the husband was struck with a knife. In addition, the parties' daughters, ages 15 and 17, submitted affidavits in support of their mother's allegations and stated that they were afraid to live with their father. Since the husband did not seek custody of the children, the court properly granted the wife temporary exclusive occupancy of the marital residence. In light of the allegations in the wife's affidavit and the corroboration provided by the daughters, the court did not err in granting the wife a temporary order of protection without a hearing (see, e.g., Peters v Peters, 100 AD2d 900).

The husband contends that he has insufficient funds to meet his maintenance and child support obligations. The appropriate remedy to resolve any inequity in the court's pendente lite award is a speedy trial, particularly here, where the affidavits were conflicting as to the amount of funds available to the husband from the family-owned business (see, e.g., Harrilal v Harrilal, 128 AD2d 502; Berger v Berger, 125 AD2d 285). Considering evidence of the family's life-style provided by the parties' net worth statements, the Supreme Court reasonably rejected the husband's contention that his sole source of

income was from his Social Security and disability pension benefits.

In view of the acrimony between the parties and the absence of proof that the husband had dissipated the assets of the family-owned corporation, it was an improvident exercise of the Supreme Court's discretion to direct the husband to open a new corporate bank account which required both parties' signatures on all checks. The wife failed to establish that her interest in the corporation will not be sufficiently protected by other provisions in the court's order which restrained the husband from disposing of or otherwise encumbering any corporate assets except in the ordinary course of business and which directed him to provide her with unrestricted access to the business premises and records.

We find no merit to the remaining contention raised by the husband. Mollen, P. J., Mangano, Brown and Sullivan, JJ., concur.