■ PETROULA FAKIRIS, Respondent, v GEORGE FAKIRIS, Appellant.—In an action for a divorce and ancillary relief, the defendant appeals from (1) so much of an order of the Supreme Court, Queens County (Santucci, J.), dated February 4,

1991, as denied his motion for a protective order with respect to the plaintiff's demand for a current statement of net worth and for trial on a day certain, and granted the plaintiff's cross motion to vacate the note of issue, compel financial disclosure, and direct the Queens County Clerk to file a notice of pendency, and (2) an order of the same court, dated April 19, 1991, which denied his cross motion for exclusive use and occupancy of the marital residence and granted the plaintiff's motion for exclusive use and occupancy of the marital residence and for an order of protection against the defendant, and, upon the plaintiff's application, restrained the parties from transferring or otherwise disposing of any assets of the marital estate without the written consent of the other.

Ordered that the order dated February 4, 1991 is modified, on the law, (1) by deleting the provision thereof which denied that branch of the defendant's motion which was for a protective order with respect to the plaintiff's demand for a current statement of net worth and substituting therefor a provision granting that branch of the defendant's motion, (2) deleting the third and fourth decretal paragraphs, and (3) deleting the provisions thereof which granted those branches of the plaintiff's cross motion which were to compel financial disclosure of the defendant and to direct the Queens County Clerk to file a notice of pendency and substituting therefor a provision denying those branches of the cross motion; as so modified, the order dated February 4, 1991, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated April 19, 1991, is reversed, on the law, without costs or disbursements, the defendant's cross motion for temporary exclusive use and occupancy of the marital residence is granted pending the entry of judgment in the action, and the plaintiff's motion for an order of protection, temporary exclusive use and occupancy of the marital residence, and to enjoin the defendant from transferring or otherwise disposing of any assets of the marital estate, is denied.

On July 1, 1987, the parties entered into a separation agreement. Under the terms of this agreement, the plaintiff was given, *inter alia,* sole title to the marital residence and custody of her youngest son, Peter.

Approximately seven months later, the parties resumed living together, in a home owned solely by the defendant, pursuant to a modification agreement dated February 16, 1988. Custody of the parties' youngest son was transferred from the plaintiff to the defendant. The modification agree-

ment provided that either party could terminate this new living arrangement by serving the other with written notice. On or about June 15, 1990, the defendant served the plaintiff with such notice.

Thereafter, the plaintiff moved for a preliminary injunction enjoining the defendant from attempting to evict her from the residence. The plaintiff simultaneously commenced an action for divorce, and to set aside the original separation agreement and the modification agreement on the grounds of fraud and undue influence. The plaintiff demanded, *inter alia,* equitable distribution of all marital assets and exclusive occupancy of the parties' residence. The plaintiff also served the defendant with a demand for a current statement of net worth.

On October 17, 1990, the Supreme Court enjoined the defendant from evicting the plaintiff from the marital residence. The court also directed the parties "to place this matter on the trial calendar of the court forthwith".

By notice of motion dated October 29, 1990, the defendant moved for a protective order with respect to the plaintiff's demand for financial disclosure and for a trial preference based on the order of the court dated October 17, 1990. On the same day, the defendant served a note of issue.

By notice of cross motion dated November 8, 1990, the plaintiff sought to (1) vacate the note of issue, (2) compel the defendant to serve a current statement of his net worth, (3) depose the defendant, and (4) file a notice of pendency against the parties' current residence.

By order dated February 4, 1991, the Supreme Court denied the defendant's motion for a protective order and trial preference, and granted the plaintiff's cross motion to vacate the note of issue and for discovery and directed the Queens County Clerk to file a notice of pendency. The defendant has appealed from stated portions of this order. This court, by decision and order on motion dated February 2, 1991, issued a stay with regard to disclosure and the filing of the notice of pendency.

Thereafter, by order to show cause dated March 7, 1991, the plaintiff moved for (1) an order of protection against the defendant, (2) exclusive occupancy of the marital residence, and (3) an order enjoining the defendant from transferring or otherwise disposing of title to the residence and other property. The defendant cross-moved for exclusive occupancy of the residence.

By order dated April 19, 1991, the Supreme Court granted

the plaintiff's motion for exclusive use and occupancy of the marital residence. The court also granted the plaintiff's motion for an order of protection against the defendant. Finally, the court restrained both parties from transferring or otherwise disposing of any assets of the marital estate, including the marital residence, without the written consent of the other party. The defendant also appeals from this order. This court stayed those provisions of the order appealed from which pertained to exclusive occupancy and the order of protection. In addition, this court modified the portion of the order which pertained to the transfer of assets by permitting the use of such assets in the ordinary course of business. Finally, this court directed that this appeal, and the appeal from the order dated February 4, 1991, be heard together.

The Supreme Court improperly denied the defendant's motion for a protective order with respect to the plaintiff's demand for financial disclosure. As a general rule, financial disclosure is inappropriate until an existing separation agreement is set aside (see, Potvin v Potvin, 92 AD2d 562). The only exception to this rule requires the moving party to establish a "legitimate factual predicate" for setting aside the existing agreement (Picciano v Picciano, 134 AD2d 418, 419; Oberstein v Oberstein, 93 AD2d 374). We conclude that the plaintiff did not establish the requisite legitimate factual predicate for the relief sought. Her allegations of fraud and undue influence were not sufficiently "specific or detailed" to warrant such relief (see, Gilstein v Gilstein, 137 AD2d 411; Oberstein v Oberstein, supra). Thus, the court erred when it denied the defendant's motion for a protective order and granted the plaintiff's motion to compel financial disclosure. In view of the foregoing, the defendant's note of issue should be reinstated and the action restored to the trial calendar.

We also find that the court improperly directed the filing of a notice of pendency against the marital residence. The filing of a notice of pendency is available only if the judgment demanded would affect title to, or the possession, use or enjoyment of real property (see, Gross v Gross, 114 AD2d 1002). The plaintiff is not entitled to such relief simply because the residence may be subject to equitable distribution (Gross v Gross, supra). The plaintiff's remedy to prevent any alleged fraudulent transfers was to seek an injunction against any further transfers of the property (Gross v Gross, supra). However, as noted below, the plaintiff failed to make an adequate showing to entitle her to pendente lite injunctive relief.

In addition, we find that the Supreme Court erred when it awarded temporary exclusive occupancy of the marital residence to the plaintiff. The plaintiff's motion for exclusive occupancy was based upon an incident where the parties' oldest son and some friends allegedly harassed and annoyed the plaintiff while the defendant was admittedly out of town. The plaintiff submitted a third-party affidavit to corroborate her version of the events. However, we conclude that the plaintiff's moving papers did not sufficiently establish that the defendant was in any way involved in the incident. Absent a showing that such relief is necessary to protect the safety of persons and property, an award of temporary exclusive occupancy of the marital residence is inappropriate *(see, Kurppe v Kurppe,* 147 AD2d 533; *Preston v Preston,* 147 AD2d 464, 465).

On the other hand, the affidavits submitted by the defendant in support of his cross motion for exclusive occupancy provide sufficient evidence that such an award is necessary to protect the safety of persons and property. The defendant's request was based upon specific enumerated instances of physical, emotional and psychological abuse directed by the plaintiff at him and at his son, Gus. These allegations were corroborated by the affidavits of Gus and the parties' future daughter-in-law, as well as by a letter from the defendant's psychiatrist. Therefore, the defendant sufficiently established that the plaintiff threatened the safety of persons or property, and thus, the court should have awarded exclusive occupancy to the defendant *(see, Kurppe v Kurppe, supra; Preston v Preston, supra; Harrilal v Harrilal,* 128 AD2d 502).

Further, the Supreme Court improperly granted the plaintiff's application for an order of protection. The plaintiff's application was based on the same incident as her application for exclusive occupancy of the marital residence. Since the plaintiff's affidavits do not sufficiently establish the defendant's involvement in that incident, the plaintiff failed to establish that the defendant engaged in conduct which constituted any family offense within the meaning of Family Court Act article 8 *(see, Merola v Merola,* 146 AD2d 611). Thus, since there is no evidence that the defendant harassed, molested, menaced, or assaulted the plaintiff, the court improperly granted the plaintiff's application for an order of protection *(see, Peters v Peters,* 100 AD2d 900).

Finally, we find that the Supreme Court improvidently exercised its discretion in restraining all transfers on marital property including the marital residence. The plaintiff's request for such relief was based solely on her allegation that

the defendant had been making recent trips to Greece, where she assumed he was secreting assets. This allegation, without more, fails to establish that the defendant committed or threatened to commit any act which would prejudice the plaintiff's right to equitable distribution *(see, Cohen v Cohen,* 142 AD2d 543; *Nebot v Nebot,* 139 AD2d 635; *cf., Rogers v Rogers,* 161 AD2d 754). Thompson, J. P., Lawrence, Balletta and O'Brien, JJ., concur.