■ VICTOR BRANCOVEANU, Appellant, v MARIANA BRANCOVEANU, Respondent.—In a matrimonial action in which the parties were divorced by a judgment dated April 30, 1987, the plaintiff husband appeals from an order of the Supreme Court, Queens County (Corrado, J.), dated November 17, 1989, which, after a hearing, denied his application for a downward modification of his child support obligations upon his failure to provide financial disclosure.

Ordered that the order is affirmed, with costs; and it is further,

Ordered that the parties are directed to appear at this court on Wednesday, November 27, 1991, at 12:00 noon, to be heard upon the issue of the imposition of appropriate sanctions or costs pursuant to 22 NYCRR 130-1.1, if any.

Pursuant to Domestic Relations Law § 236 (B) (9) (b), a party is entitled to a modification of a child support award if it can be demonstrated that there has been a substantial change in circumstances *(see, Matter of Boden v Boden,* 42 NY2d 210). A party seeking to modify the child support provisions of a judgment of divorce must demonstrate that continued enforce-

ment of the party's support obligations would create an extreme hardship and it is incumbent upon the movant to demonstrate that there has been a change in financial circumstances which necessitates a reduction in the award of child support (see, Praeger v Praeger, 162 AD2d 671; Sofia v Sofia, 162 AD2d 594; Matter of Cohen v Seletsky, 142 AD2d 111; Scagnelli v Scagnelli, 127 AD2d 754). As is readily apparent, the plaintiff failed to make such a showing. He attended the hearing without the financial documentation required, denied having books and records with respect to his law practice, and contumaciously refused to comply with the defendant's requests for financial disclosure. Thus, his application was properly denied.

The defendant requested the imposition of sanctions. We have reviewed the record and conclude that the plaintiff's conduct in pursuing yet another appeal, constituting his thirteenth to this court, so obviously lacks merit in either fact or law that it must be characterized as frivolous within the meaning of 22 NYCRR 130-1.1 (c). Accordingly, the parties are directed to appear at this court to be heard upon the issue of the imposition of appropriate sanctions or costs pursuant to 22 NYCRR 130-1.1, if any. Kunzeman, J. P., Sullivan, Lawrence and Balletta, JJ., concur.