■ KOUROSH GOUYGHADOSH, Appellant, v ROYA GOUYGHA-DOSH, Respondent. [616 NYS2d 57] —In an action for a divorce and ancillary relief the plaintiff husband appeals, as limited by his brief, (1) from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated May 5, 1993, as upon granting the defendant wife's motion (a) directed him to pay temporary maintenance in the sum $150 per week and temporary child support in the sum of $125 per week, (b) directed him to pay the defendant wife's interim attorney's fees of $1,500, (c) afforded him temporary visitation with his infant son supervised by either of the defendant wife's brothers, or such other persons as the parties may mutually agree upon, and (d) denied that branch of his cross motion which sought a psychological examination of the defendant wife; and (2) from so much of an order of the same court, dated June 21, 1993, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order dated May 5, 1993, is dismissed, as that order was superseded by the order dated June 21, 1993, made upon reargument; and it is further,

Ordered that the order dated June 21, 1993, is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff husband contends that he has insufficient funds to meet his maintenance and child support obligations or to pay for the defendant wife's interim attorney's fees. The appropriate remedy to resolve any inequity in the Supreme Court's pendente lite award is a speedy trial, particularly here where there is conflicting evidence as to the husband's financial situation (see, Frankel v Frankel, 150 AD2d 520; Kurppe v Kurppe, 147 AD2d 533; Berger v Berger, 125 AD2d 285).

We reject the husband's contention that the Supreme Court erroneously denied his request to compel the wife to undergo a psychiatric examination. Finally, the husband's contention that the order affording him temporary supervised visitation was flawed because it failed to provide for supervised visitation at a neutral site, with a neutral supervisor, is not before this Court, since that issue was not raised in the Supreme Court. Bracken, J. P., Sullivan, Hart and Krausman, JJ., concur.