(October 3, 1995)

■ Pravinkumar B. Sehgal, Appellant, v Shashibala P. Sehgal, Defendant, and Merrill Lynch Credit Corporation, Respondent, et al., Intervenors. [631 NYS2d 360] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered on or about December 21, 1994, which granted the motion by intervenor-respondent Merrill Lynch Credit Corporation ("Merrill Lynch") to cancel the notice of pendency filed by plaintiff on December 23, 1991 with the County Clerk of Nassau County with respect to real property located at 351 Lido Boulevard, Lido Beach, New York, unanimously affirmed, without costs.

The IAS Court, in granting the motion by Merrill Lynch seeking to vacate the notice of pendency on the subject property, properly determined that the complaint filed with the notice did not adequately plead a cause of action for the imposition of a constructive trust upon the subject property, including the element of a promise, express or implied, to transfer title to the subject property to the plaintiff (*see, McGrath v Hilding,* 41 NY2d 625, 628-629), so as to warrant the filing of the notice of pendency (*see, 5303 Realty Corp. v O & Y Equity Corp.,* 64 NY2d 313, 323; *Borrero v East Harlem Council for Human Servs.,* 165 AD2d 807). A claim that real property is a marital asset subject to distribution does not, by itself, establish grounds for a lis pendens (*Gross v Gross,* 114 AD2d 1002).

Plaintiff *pro se* has also failed to establish that Merrill Lynch had actual knowledge prior to making a mortgage loan to the defendant of any alleged "on-going fraud" being perpetrated by the defendant in the transfer of the subject property or that Merrill Lynch had acted in bad faith with respect to either the title to the subject property or the notice of pendency.

We have reviewed plaintiff's remaining claims and find them to be without merit. Concur—Murphy, P. J., Wallach, Ross, Nardelli and Tom, JJ.