■ Caruso, Caruso & Branda, P.C., Respondent, v Nachama Hirsch, Appellant. [837 NYS2d 734]—

In an action to recover legal fees, the defendant appeals from an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated October 28, 2005, which granted the plaintiff's motion to dismiss the counterclaim pursuant to CPLR 3211 (a) (7) and denied her cross motion for leave to amend her counterclaim pursuant to CPLR 3025 (b).

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion to dismiss the counterclaim is denied, and the defendant's cross motion for leave to amend her counterclaim is granted.

The plaintiff, Caruso, Caruso & Branda, P.C. (hereinafter the Firm), commenced this action to recover legal fees claimed to be owed by the defendant, Nachama Hirsch, and Hirsch answered and asserted a counterclaim alleging that the Firm committed legal malpractice in the underlying divorce action by failing to take steps to protect her interests in marital properties held in her former husband's name. In a decision after trial in the underlying divorce action, the matrimonial court, inter alia, found that Hirsch's husband had fraudulently transferred eight marital properties to four entities controlled by a family trust (hereinafter the Trust Entities), directed that those eight properties be transferred to Hirsch in partial satisfaction of a distributive award, and directed the parties to settle judgment within 60 days. Before judgment was settled or entered in the divorce action, Hirsch's husband and the Trust Entities filed petitions for bankruptcy and the bankruptcy court ultimately ruled, in a decision that has been affirmed, that Hirsch's interests in the eight properties had not vested prior to the filing of the bankruptcy petitions because the divorce judgment had not been entered prior to the filing of the bankruptcy petitions.

The Firm moved to dismiss the counterclaim, contending that

it did not unduly delay in presenting a judgment for settlement and, in any event, it could not have prevented the husband from filing for bankruptcy before judgment could be entered. Hirsch opposed the motion and cross-moved for leave to amend her counterclaim to further allege that the Firm's negligence consisted of its failure to take steps, in particular filing notices of pendency, to protect her interests in the eight properties. Finding that neither the counterclaim nor the proposed amended counterclaim stated a cognizable cause of action alleging legal malpractice, the Supreme Court granted the Firm's motion and denied Hirsch's cross motion. We reverse.

Leave to amend a pleading shall be freely given absent prejudice or surprise resulting directly from the delay (*see* CPLR 3025 [b]). However, when a proposed amendment "is palpably insufficient as a matter of law or is totally devoid of merit," leave will be denied (*Norman v Ferrara,* 107 AD2d 739, 740 [1985]; *see Ricca v Valenti,* 24 AD3d 647, 648 [2005]).

"To establish a prima facie case of legal malpractice, the plaintiff must prove that (1) the attorney departed from the exercise of that degree of care, skill, and diligence commonly possessed and exercised by a member of the legal community, (2) the attorney's departure from the standard of care was the proximate cause of the loss sustained by the plaintiff, and (3) the plaintiff incurred damages as a direct result of the attorney's actions" (*Edwards v Haas, Greenstein, Samson, Cohen & Gerstein, P.C.,* 17 AD3d 517, 519 [2005]; *see Simmons v Edelstein,* 32 AD3d 464 [2006]).

The Firm's contention that it did not depart from the ordinary standard of care applicable to an attorney in a matrimonial action involves factual issues not properly resolved in the context of a motion to dismiss or for leave to amend (*see Ehlinger v Ruberti, Girvin & Ferlazzo,* 304 AD2 925 [2003]). Moreover, the Firm did not demonstrate that notices of pendency could not have been filed pursuant to CPLR 6501 in the underlying divorce action, since Hirsch not only asserted a claim for equitable distribution pursuant to Domestic Relations Law § 234, but also asserted fraudulent conveyance and constructive trust causes of action which demanded judgment that would affect title to the properties, and successfully sought issuance of a temporary restraining order and the appointment of a receiver to manage all of the properties at issue (*see Ehlinger v Ruberti, Girvin & Ferlazzo, supra; Resnick v Doukas,* 261 AD2d 375 [1999]; *Elghanayan v Elghanayan,* 102 AD2d 803 [1984]; *Leibowits v Leibowits,* 93 AD2d 535, 556 [1983]; *cf. Sehgal v Sehgal,* 220 AD2d 201 [1995]; *Fakiris v Fakiris,* 177 AD2d 540 [1991]).

At this stage of the proceedings, Hirsch need not establish actual damages, but is only required to set forth allegations from which damages attributable to the defendant's alleged malpractice might be reasonably inferred (*see Kempf v Magida,* 37 AD3d 763 [2007]; *InKine Pharm. Co. v Coleman,* 305 AD2d 151 [2003]). The proposed amended pleading met this standard by alleging that the filing of a notice of pendency would have provided constructive notice of Hirsch's claims in the divorce action and thereby prevented the eight properties from becoming part of the estates in bankruptcy of the Trust Entities and/or of Hirsch's former husband (*see* CPLR 6501; 11 USC 544 [a]; *Goldstein v Gold,* 106 AD2d 100, 102 [1984], *affd* 66 NY2d 624 [1985]; *In re Borison,* 226 BR 779, 787-788 [1998]; *In re Eadie Props., Inc.,* 31 BR 812, 814-815 [1983]). As the Firm did not demonstrate that these allegations are palpably insufficient as a matter of fact or law, leave to amend the counterclaim should have been granted and the motion to dismiss denied. Ritter, J.P., Santucci, Balkin and McCarthy, JJ., concur.