■ Yoko Hense, Respondent, v Michael A. Hense, Appellant. [876 NYS2d 429]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Westchester County (Martin, J.), entered October 25, 2007, which, upon so much of an order of the same court dated May 21, 2007, as denied that branch of the defendant's motion which was for an award of interim maintenance, upon an order of the same court also dated May 21, 2007, denying the defendant's separate motion for leave to serve and file an amended answer, inter alia, to assert a counterclaim alleging that the plaintiff fraudulently transferred and concealed marital assets, and, after a nonjury trial, among other things, equitably distributed the parties' marital property and failed to award him maintenance.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff former wife commenced this action for a divorce against the defendant former husband after more than 30 years of marriage. While the plaintiff appeared by counsel, the defendant's counsel withdrew prior to the trial date and the defendant appeared pro se thereafter.

On the day of trial, the Supreme Court denied the defendant's motion for an award of interim maintenance and also denied his separate motion for leave to amend his answer, inter alia, to assert a counterclaim alleging that the plaintiff fraudulently transferred and concealed marital assets.

In the course of narrowing the issues for trial in open court, the parties entered into a stipulation of settlement, which provided, inter alia, for the proceeds from the sale of the marital residence to be equally distributed, for the defendant to retain the contents of the marital home, and for the plaintiff to pay the defendant monthly maintenance in the sum of $600 for six months. The parties confirmed their respective agreement to the terms of the stipulation in open court.

Contrary to the defendant's contention, the court properly denied his motion for interim maintenance in light of the plaintiff's lack of financial means (*cf. Pascazi v Pascazi,* 52 AD3d

664 [2008]; *Jordan v Jordan,* 2 AD3d 687 [2003]). The court also properly denied the defendant leave to amend his answer, inter alia, to assert a proposed counterclaim, since the record reveals that the lack of merit to the proposed amendment was "clear and free from doubt . . . [and that] the proposed amendment is palpably insufficient or patently devoid of merit" (*Lucido v Mancuso,* 49 AD3d 220, 226-227 [2008] [internal quotation marks omitted], *lv granted* 2008 NY Slip Op 68750[U] [2d Dept 2008]; *cf. Caruso, Caruso & Branda, P.C. v Hirsch,* 41 AD3d 407, 409 [2007]).

The defendant's remaining contentions have been rendered academic or are without merit. Fisher, J.P., Angiolillo, Balkin and Belen, JJ., concur.