# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1033
CA 12-00537
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

BENJAMIN L. JOLLEY, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

AGOSTINHA R. LANDO, DEFENDANT-APPELLANT.

---

WILLIAMSON, CLUNE & STEVENS, ITHACA (JOHN HANRAHAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

BENJAMIN L. JOLLEY, PLAINTIFF-RESPONDENT PRO SE.

---

Appeal from an order of the Supreme Court, Steuben County (Joseph W. Latham, A.J.), entered October 11, 2011. The order, insofar as appealed from, denied defendant's motion to strike and cancel the notice of pendency.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and defendant's motion is granted.

Memorandum: Plaintiff husband commenced this action seeking equitable distribution of the parties' marital assets, which allegedly include 18 parcels of real property. In addition to filing a summons and complaint, plaintiff filed a notice of pendency as to the real property (*see* CPLR 6501). We agree with defendant wife that Supreme Court erred in denying her motion to cancel the notice of pendency. "A notice of pendency may be filed in any action in a court of the state or of the United States in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property" (*id.*). In determining the merits of a motion to cancel a notice of pendency, a court is limited to examining the face of the pleadings (*see 5303 Realty Corp. v O & Y Equity Corp.*, 64 NY2d 313, 320-321). "A claim that real property is a marital asset subject to distribution does not, by itself, establish grounds for a [notice of pendency]" (*Sehgal v Sehgal*, 220 AD2d 201, 201; *see Fakiris v Fakiris*, 177 AD2d 540, 543), inasmuch as a claim for equitable distribution will not necessarily affect the title to, or possession, use, or enjoyment of, the subject real property (*see Arteaga v Martinez*, 79 AD3d 951, 952; *Fakiris*, 177 AD2d at 543; *Gross v Gross*, 114 AD2d 1002, 1003). The court erred in relying on, inter alia, *Caruso, Caruso & Branda, P.C. v Hirsch* (41 AD3d 407, 409) because the complaint in the underlying divorce action in that case asserted causes of action for fraudulent conveyance and constructive trust in addition to equitable distribution. Here, the complaint seeks only equitable distribution.

We reject plaintiff's contention that the relief demanded in the complaint "would, obviously, affect [defendant's] title to and/or her possession, use or enjoyment of the parcels identified in" the notice of pendency.  At this juncture of the litigation it is unclear whether the court, in the event that it rules in favor of plaintiff, will order defendant to convey the properties to plaintiff or will instead order defendant to pay a money judgment to plaintiff.  It thus cannot be said with certainty that defendant will be required to sell or mortgage the subject properties.

Entered:  October 5, 2012                          Frances E. Cafarell
                                                   Clerk of the Court